## Webb v. Linnemann.

(Decided November 23, 1923.)

### Appeal from Kenton Circuit Court (Common Law and Equity Division).

1. Appeal and Error—Brief Failing to Classify Questions and to Subjoin Authorities Stricken.—A brief which does not conform to rule 3 of the court, in that it fails to classify the questions and to subjoin the authorities upon which reliance is had, should be stricken.

2. Evidence—Conversations After Accident Not Relating to Issues Inadmissible.—In an action for damages growing out of an automobile accident, conversations between the occupants of the various cars involved just after the accident which reflected no light upon the issues should have been excluded.

3. Highways—Automobilist May Recover for Injury from Joint Neg-
   ligence.—Plaintiff automobilist was entitled to recover from defend-
   ant automobilist for all injuries resulting from the joint and concur-
   ring negligence of defendant and a third automobilist which caused
   or contributed to plaintiff's injury.

4. Highways—Instructions as to Recovery Where Injury Results from
   Joint Negligence Held Sufficient.—In an action for injuries to a pas-
   senger in an automobile in a collision on a bridge in which three
   cars were involved, instructions held to sufficiently protect plain-
   tiff in her right to recover of defendant automobilist for all in-
   juries resulting from the joint and concurring negligence of defend-
   ant and the third automobilist.

O. M. ROGERS and R. G. WILLIAMS for appellant.

J. E. SHEPARD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

Appellant, Mrs. Webb, was riding in a car driven by
her husband when they started across the suspension
bridge over the Ohio river between Covington and Cin-
cinnati, immediately before and at the time of the injury
of which she now complains. A disabled automobile was
standing in the middle of the driveway on the bridge as
appellant approached. In front of the Webb car was an-
other car driven by one Hoffmeister. As the Hoff-
meister machine approached the disabled car on the right
side of the bridge going from Covington toward Cincin-
nati, Hoffmeister turned to the left for the purpose of
passing the standing car. At that moment he discovered
the car driven by appellee Linnemann coming in the op-
posite direction. Realizing he would not have time to
pass the disabled car and avoid a collision with the car
of appellee, Hoffmeister turned his car to the right and
behind the standing car to avoid a collision, but appellee
Linnemann came on so rapidly that before Hoffmeister
could get out of his way the left front wheel of appellee's
machine struck the left hind wheel of the Hoffmeister
machine, knocking it out of its course and causing the
Linnemann car to swerve to the left and in front of ap-
pellant's car. The Linnemann car soon came to a full
stop in a diagonal position on the bridge. It was dis-
abled. Its occupants were about to alight to see what
was the matter and to get the number of the Hoffmeister
car when the car driven by appellant came up and ran

into the car of appellee Linnemann, causing injury to appellant and other occupants of the Webb car.

A trial resulted in a verdict for defendant Linnemann, and Mrs. Webb appeals. The only question was, whose negligence caused the accident and injury. Mrs. Webb insists that it was the negligence of Linnemann, while appellee Linnemann states that the driver of the car in which Mrs. Webb was riding was at fault. This exact question was submitted to the jury by the court, by an instruction which told the jury that if it believed from the evidence that at the time and place and under the circumstances disclosed by the proof, Linnemann failed to exercise ordinary care in the operation of his automobile, in that he operated same at a great and excessive rate of speed and by reason thereof did not have his automobile under reasonable control, and the collision with the automobile in which plaintiff was riding was caused by the failure of defendant to exercise ordinary care in said respect, and plaintiff was in said manner injured, to find for the plaintiff; but unless it so believed to find for the defendant. The court further instructed the jury that if it believed from the evidence that after the collision between the cars Linnemann guided his car to the left of the south bound car tracks and stopped it and thereafter the driver of the car in which plaintiff was riding so operated his car as to run into defendant's car and plaintiff was thus injured, to find for the defendant. The instructions also contained a definition of ordinary care and negligence, and a measure of damages.

The evidence for the appellant, Mrs. Webb, tended to prove that the car of appellee Linnemann suddenly and unexpectedly came in front of the car driven by Mr. Webb, striking Webb's car and injuring Mrs. Webb, while the evidence for appellee Linnemann conduced to prove that the Linnemann car had come to a full stop and was standing at a place on the bridge where the Webb car could have passed it without interference, but that Webb's car was so negligently operated as that it ran against and into the Linnemann car at a time when the Linnemann car was at a full stop, and that it was the careless driving of the Webb car which caused the injury of Mrs. Webb. The jury accepted this view of the case and returned a verdict for appellee Linnemann.

Appellant's brief does not conform to rule 3 of the court in that it fails to classify the questions and to sub-

join the authorities upon which reliance is had. It should therefore be stricken.

The jury was allowed to hear quite a bit of irrelevant evidence. Most of it related to conversations had between the occupants of the Linnemann car and the Hoffmeister car, just after the accident. Some of it was properly *res gestae,* but there was little of it which reflected light upon the issues involved. It should have been excluded by the trial court, but its admission under all the facts and circumstances was not prejudicial. Only a part of it was objected to by appellant. Most of it was introduced without objection. While it was largely irrelevant we do not think it was harmful.

It is insisted that the instructions were erroneous because they did not allow a recovery by appellant for the joint and concurring negligence of Hoffmeister and appellee Linnemann, whereas it is urged that appellant was entitled to recover of appellee Linnemann for all injury resulting from the joint and concurring negligence of the two which caused or contributed to her injury, and this we think is correct. But we fail to see how appellant could have been prejudiced by the instructions given. The jury was directed in substance to find for her against appellee Linnemann for any injury suffered by her as the proximate result of the negligence in part or in whole of appellee Linnemann. Unless Linnemann was guilty of negligence in the operation of his car, she was not entitled to recover of him for the injury. The instructions in effect directed the jury to find for her compensatory damages equivalent to her entire injury without deduction or allowance for the negligence of Hoffmeister. The jury could not therefore have been misled to appellant's prejudice by the instructions. In appellant's brief it is said: "When it is remembered that there is but one issue in the case and that is whether or not the negligence of the appellee, if any, either caused or contributed to appellant's injuries, and the court undertook, on its own motion, to instruct the jury in the law applicable to that issue, it was incumbent upon him to correctly give the law and tell them that appellant was entitled to a verdict at their hands, if the negligence of appellee either caused or contributed to bring about her injuries, instead of telling them that they could find for her only in the event appellee's negligence was the sole cause. It would be hard to conceive of a more prejudicial instruction than

the one here complained of, in the light of the pleadings, evidence and record. This error alone would be sufficient to warrant a reversal. . . . '' The court did not direct the jury to find for the defendant unless it believed from the evidence that the negligence of the defendant. was the sole cause of the accident, but directed the jury to find for plaintiff in case it believed from the evidence that the negligence of Linnemann brought about or was the proximate cause of the injury of the plaintiff. Following that instruction the jury might well have found for the plaintiff, Mrs. Webb, had it believed and relied upon her evidence and theory of the case.

We think the instructions were substantially correct and that there was no error prejudicial to the substantial rights of appellant.

Judgment affirmed.