ERNEST H. ROLSTON *vs.* ALFRED N. PRATT.

Third Judicial District, Bridgeport, October Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KELLOGG and BANKS, Js.

The plaintiff offered evidence to prove that while he and B were driving their automobiles in a southerly direction and about one hundred and fifty feet apart, with B in the lead, the defendant, approaching from the opposite direction, negligently collided with B's car, and then drove down the westerly side of the road about seventy-five feet into the plaintiff's car, which had come to a stop after the first collision. The defendant, on the other hand, claimed that after the first collision—which was due solely to B's negligence—he brought his car to a stop within ten feet, where it was struck by the plaintiff's car, which had continued at a high rate of speed after the first collision.   *Held:*—

1. That plaintiff's request to charge concerning the liability of the defendant for concurrent negligence, was defective in that it omitted the essential statement that such negligence must be found to have been the proximate cause of the collision.

2. That in view of the evidence and the claims of the parties, no issue of concurrent negligence was involved in the case.

3. That the charge of the trial court, that the plaintiff must prove defendant's negligence irrespective of B's connection with the case in any way, did not, under the circumstances, prejudice the plaintiff's case.

Submitted on briefs October 28th—decided December 1st, 1924.

ACTION to recover damages for injuries to person and property, alleged to have been caused by the defend-

ant's negligent operation of an automobile, brought to the Superior Court in New Haven County and tried to the jury before *Jennings, J.;* verdict and judgment for the defendant, and appeal by the plaintiff.  *No error.*

The finding discloses that the plaintiff offered evidence to prove these facts:  On April 15th, 1919, in the evening, the plaintiff was driving his automobile from Torrington to Seymour.  Mr. Boies was accompanying the plaintiff in another car.  As these cars proceeded on the main highway at about eleven forty-five p. m. between Waterville and Waterbury, the Boies car was in front and the plaintiff's car followed one hundred and fifty feet behind; the cars were then being driven at a reasonable rate of speed, to wit, from twenty to twenty-five miles an hour.  The defendant was at this time driving his own car on the same road in the opposite direction.

When the Boies' car had reached a point on the highway about a mile north of the city of Waterbury, and while on a perfectly straight piece of road, and a few hundred feet north of the bridge over the railroad track, which is called the viaduct, Mr. Boies saw the lights of the defendant's car approaching from Waterbury.  At this time his car was on the west or to him, right-hand side of the road, and the defendant's car was on the easterly side of the road and proceeding at about the same speed as the Boies car.  As these cars approached each other, and while but a few feet away, the defendant's car swerved over to the west or its left, and before Boies could change his course the left front of the defendant's car hit the Boies' car a glancing blow, beginning at the rear of the left front mudguard of the Boies car, injuring the left front mudguard and the rear left mudguard, and also the rear left hub-cap of the car.  The collision between these cars was due solely to the negligence of Pratt, and Boies' negligence in no

way contributed to this collision.  As a result of this collision the left front hub-cap of the defendant's car was broken off and fell to the ground.  After the collision, the defendant's car first turned to the east, its right, and then turned to the west, its left, and proceeded to the defendant's extreme left-hand side or the west side of the roadway.  The defendant then turned his car  straight down the roadway and proceeded without slackening his speed until he crashed into the plaintiff's car, which had come to a stop.  The left front hub-cap of the defendant's car was found shortly after the accident practically seventy-five feet south of the point where the defendant's car collided with the plaintiff's car.  The plaintiff noticed the lights of the defendant's car shortly before the accident between the defendant and Boies, and saw the lights zig-zagging in the sky; he did not see the defendant's car collide with the Boies car, but saw the defendant's car come across the road, straighten up and come down the road. The plaintiff thereupon applied both his foot-brake and emergency brake and brought his car to a stop in about twenty feet.  The plaintiff's car was on its right-hand or west side of the road when it was crashed into by the defendant's car in practically a head-on collision.  As a result of the collision, a number of the occupants of the plaintiff's car were badly hurt, and the plaintiff was very seriously and permanently injured, and his automobile greatly injured.  The defendant's car was not seriously injured in the collision, and the steering gear and brakes were not injured, and if he had applied his brakes he could have stopped the car before it collided with the plaintiff's car.  The collisions were due solely to the negligence of the defendant, and neither the negligence of the plaintiff nor of Boies contributed to cause either collision.

The defendant offered evidence to prove these facts:

At about 12 o'clock at night, the defendant was driving, with due care, his car northerly on the main road between Waterbury and Waterville, and at a point just northerly of the viaduct bridge he was on his extreme right-hand or east side of the road and going at a speed of from twelve to fifteen miles an hour. After crossing the viaduct bridge from the south the road turns shortly to the west with a down grade. The weather at the time was rainy, and the windshield of the defendant was kept open for four or five inches. On that evening Mr. Boies operated a motor-vehicle owned by him southerly on the main road just above the viaduct bridge, recklessly and at a rate of speed of thirty-five miles an hour, which was greater than was reasonable and proper, having regard to the width, traffic and use of the highway, and so as to endanger the life and limb of individuals. Boies operated his car with the windshield closed, and neglected and failed to give half of the traveled road, which was practical, to the defendant in order that the defendant might have a fair and equal opportunity to pass, but Boies negligently collided with the left front wheel of the defendant's car. Boies neglected to check the speed of, or stop, his car after the collision, but continued on at the same rate of speed until after the Rolston car was in collision with the defendant's car. By reason of the Boies car colliding with the defendant's car, the defendant's steering wheel was turned completely around, his machine went to his left or west across the road nine or ten feet and was then stopped. The car owned by the plaintiff and then being operated at a rate of speed of twenty-five to thirty miles an hour, collided with him. The reason of the collision between the plaintiff's and defendant's cars was due solely to the negligent conduct of Boies and the negligence of the plaintiff. When the defendant reached the viaduct bridge and started to go down

grade he saw the Boies car and the plaintiff's car approaching him several hundred feet away. The defendant stopped his car, after the collision with the Boies' car, in a distance of fifteen to twenty feet, on a wet pavement, with the car going down grade. If Boies had kept his position in the highway, no accident would have resulted. After the front part of the Boies car had arrived opposite the front part of the Pratt car, with sufficient room to pass, Mr. Boies suddenly turned toward his right and skidded his car so that the rear end of the Boies car collided with the front of the defendant's car. As soon as Boies' car collided with the defendant's car, the defendant applied his brakes, attempting to stop his car, and at the time of the collision with the Rolston car, the defendant's car had been brought to a stop. The Rolston and Boies cars were both operated negligently and at a high rate of speed, on a wet, slippery pavement.

The collision of the defendant's car with the plaintiff's car was caused solely by the negligence of Boies and the negligence of the plaintiff in not keeping a proper lookout. The plaintiff was guilty of contributory negligence. No negligence on the part of the defendant contributed to either collision.

*Robert C. Stoddard*, for the appellant (plaintiff).

*Clayton L. Klein*, for the appellee (defendant).

CURTIS, J. The claimed errors presented by this record relate to the refusal of the court to charge as requested by the plaintiff in several instances, and to claimed errors in portions of the charge made.

From the offers of proof, it is apparent that the verdict of the jury must have been determined by its findings as to the credibility of witnesses and the weight

of the evidence, and is final unless the court erred in the charge as made or in the refusal to charge as requested.

The principal ground of complaint is that the court did not adequately instruct the jury in relation to the fact, which, under the offers of proof, the plaintiff claimed the jury might have found proven, to wit, that the collision between the cars of the plaintiff and the defendant and the consequent injury to the plaintiff, was proximately caused by the concurrent negligence of the defendant and Boies, and hence that the defendant was liable.

The plaintiff claims that the following portions of the charge were inadequate and misleading, in that they took from the jury the question of the effect of such concurrent negligence. The court charged: "The plaintiff has alleged that Mr. Pratt's negligence was the cause of this accident, and in order for him to recover he must prove that allegation, and must prove Mr. Pratt's negligence, irrespective of Mr. Boies' connection with the case in any way." The plaintiff requested the court to charge as follows: "If both the defendant and Mr. Boies were negligent in the operation of their respective cars, so that their joint negligence was the cause of the accident between their cars, this would not relieve the defendant from liability to the plaintiff, but the defendant would be liable to the plaintiff, if the plaintiff was not negligent."

The above excerpt from the charge and the plaintiff's request to charge, indicate the nature of the plaintiff's criticism of the charge.

The above request to charge was properly refused, because it fails to state that it must also be found by the jury that the concurrent negligence of Boies and Pratt was the proximate cause of the collision of the Pratt and Rolston cars and of the plaintiff's injury.

Was the charge that the plaintiff must prove "Mr. Pratt's negligence, irrespective of Mr. Boies' connection with the case in any way," so inadequate and injurious as to justify holding that it constituted error in view of the whole charge? The court was clearly emphasizing the fact that the action was against Pratt alone, and that his negligence must be proved to have been a proximate cause of the collision of the Rolston and Pratt cars and the consequent injuries. In other words, that under the complaint it was not necessary for the plaintiff to prove that the negligence of Boies concurred with the negligence of Pratt to entitle him to recover.

However, the plaintiff claims that this statement to the jury would lead them to believe that if they found that the concurrent negligence of Boies and Pratt caused the collision of the Rolston and Pratt cars and the plaintiff's injury, that would not justify a verdict for the plaintiff. There are expressions in the memorandum of the court filed on the motion to amend the finding, that lend color to the claim that it was the court's intent to so charge. However, the charge must be considered as a whole, and the charge, and not the subsequent memorandum of the court, was what the jury had for its guidance.

It is to be borne in mind that the offers of proof of both parties disclose that the collision between the Rolston and Pratt cars occurred some moments after the collision of the Boies and Pratt cars, and that the plaintiff claims that Pratt's conduct in driving on the westerly side of the road after that collision negligently caused the collision with his standing car and his injuries; while Pratt claims that his collision with Boies' car was without his fault and threw his car to the west, where he, using due care, immediately stopped, and Rolston negligently drove his car into his car so stand-

ing.  There was no attempt to prove that the three cars of Boies, Pratt and Rolston came together at substantially the same time.

The plaintiff claims that if the jury found that the collision of the Pratt and Rolston cars was proximately caused by the concurrent negligence of Pratt and Boies, the charge did not adequately guide them as to the liability of Pratt to him.

The vice of the plaintiff's claim is that it would be a mere conjecture for the jury to find that the collision of the Boies car and the Pratt car was a result of the concurrent negligence of Boies and Pratt.  Neither the plaintiff nor defendant offered evidence in support of this state of facts.  Each offered evidence of a different state of facts, the plaintiff that the negligence of Pratt solely caused the collision, and the defendant that the negligence of Boies was the sole cause of the collision.  The jury, in order to find that the concurrent negligence of Boies and Pratt caused that collision, could only do so by conjecture unsupported by evidence to that effect offered by either party.  It is not compatible with the offers of proof that the Pratt-Boies collision was caused by their concurrent negligence.

The court confined the charge to the facts as to which evidence was offered.  After giving an unexceptional charge as to when a negligent act is the proximate cause of an injury, the court charged as follows:  "But now, let us suppose that Mr. Boies was negligent, as alleged by the defendant, that the thing took place just as the defendant claims it did, that Mr. Pratt's front wheels passed Mr. Boies' front wheels, that Mr. Boies turned his car to the right and skidded his rear into Mr. Pratt's left front, throwing Mr. Pratt's car out of control, but who within a few feet stopped his car, and was then crashed into by Mr. Rolston."  If this was inadequate, it was for the defendant to complain.

The court further charged: "Well, now, to put the matter the other way, by another illustration. Let us look at it from the plaintiff's claim. Let us suppose that the collision between the Boies and Pratt cars did not occur within, say fifty feet of the place where the ultimate collision took place, as claimed by Mr. Pratt, but took place one hundred and fifty or two hundred feet further south on the road, near the bridge, and that Mr. Pratt would have had ample time, in that space, if he had been going at the rate of speed he said he was, to have stopped his car; but that instead of that he let drive and negligently ran into the standing car of the plaintiff. We have there a case where, as it seems to me, and as I charge you, the negligence of the defendant, Mr. Pratt, was the proximate cause and the direct cause and immediate cause of this injury."

The court thus gave the jury a charge favorable to the plaintiff upon the state of facts which the plaintiff claimed to have proved, and which was applicable, whether the collision of the Boies and Pratt cars was caused by the negligence of Pratt or Boies, and in fact if that collision was caused by their concurrent negligence, as to which no evidence was offered. The instruction that the plaintiff must prove "Mr. Pratt's negligence, irrespective of Mr. Boies' connection with the case in any way," was not, therefore, misleading, in view of the facts claimed to have been proved and of the rest of the charge.

The charge as a whole was adequate for the guidance of the jury, and the reasons of appeal not relating to the claim of concurrent negligence are so obviously groundless as not to justify discussion.

There is no error.

In this opinion the other judges concurred.