## McDowell v. Bryden.

May 5, 1942.

Vert C. Fraser for appellant.

Gordon, Gordon & Moore and Abner Johnston, Jr., for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Ruth Ford McDowell was injured in an automobile accident April 29, 1940. She brought this action against Allen J. Bryden to recover damages for her injuries, alleging in her petition that an automobile operated by the defendant was, by his negligence and carelessness, caused to collide with a truck in which she was riding. On the trial of the case the jury returned a verdict for the defendant, and, from the judgment entered thereon, the plaintiff has appealed. It is urged that the verdict is flagrantly against the evidence, the instructions are erroneous, incompetent evidence was admitted, and the argument of the appellee's counsel was improper.

The accident in which the appellant was injured occurred on one of the main streets of Providence, Kentucky. She was riding in the cab of a one-half ton Ford truck driven by her husband, Hughie McDowell. Her mother, and her husband's father and mother also were riding in the cab of the truck. Owen McDowell, father of Hughie McDowell, was sitting next to the driver, and Mrs. Owen McDowell was riding in her husband's lap. Mrs. Frank Ford was sitting next to Owen McDowell, and her daughter, the appellant, was sitting in her lap. Appellee, a nonresident of Kentucky, was driving from a point in North Carolina to St. Louis, and reached Providence about 5 o'clock in the afternoon. As he approached one of the street intersections the red light was against him and he stopped. While waiting for the light to change he began reading a road map, and permitted the light to change to green and back to red. In the meantime the truck driven by appellant's husband had approached the intersection and stopped behind appel-

lee's car. When the light changed to green the second time appellee proceeded in his car across the intersection and along the street. The collision occurred at about the center of the square beyond the light. The right front fender of the truck struck the left rear fender of appellee's car, and appellant, who was sitting in her mother's lap, was thrown against the windshield and dashboard of the truck. Her own statement when she testified was: "My mother's weight went against me and pushed me against the dashboard, and my head hit the windshield and my wrist hit something on the front of the truck." Her most serious injury was to her knee which struck the dashboard. It is her contention that appellee brought his car to a sudden stop in the traveled portion of the street without giving any warning or signal to the operator of the truck. According to her and other members of her family, who were riding in the truck, the appellee was traveling at a speed of 12 or 15 miles an hour, and the truck was following his car at a distance of 12 or 15 feet. Hughie McDowell testified that he was driving slowly behind appellee's car and intending to pass it, but a car was approaching from the opposite direction and he pulled back to avoid it and as he did so appellee stopped suddenly without giving any signal. He admitted that he saw the taillights on appellee's car flash red, which indicated that it was about to stop. The proof showed that the foot brakes on the truck were not working. The appellee testified that after stopping for the red light he drove across the intersection and along the street looking for a place to park. Cars were parked along the righthand curb of the street, but when he reached the middle of the square he found an open space and drove his car into it, parking parallel to and about three inches from the curb. He had stopped his car, turned off the ignition, and picked up his road map, which was lying on the seat at his side, before his car was struck from the rear by the truck. The window on the left side of his car was down, and he always signaled with his left hand when he slowed down or stopped, and he thought he did so on this occasion. Disinterested witnesses testified that the right wheels of appellee's car were not more than three or four inches from the curb when the collision occurred.

If the accident happened as described by appellee, there was no negligence on his part. There was ample evidence to authorize a submission of the case to the

jury and to sustain a verdict for either the plaintiff or the defendant. The only proof of any negligence is that appellee stopped suddenly without a signal. The court in instruction No. 1 told the jury that it was the duty of the defendant to indicate his intention to stop by extending his hand and arm beyond the side of his car or by some other means or device equally adequate to indicate such intention. After telling the jury that if they believed from the evidence the defendant failed to observe this duty and that as a direct and proximate result of such failure the automobile in which the plaintiff was riding came into collision with defendant's car, thereby injuring the plaintiff, they should find for her. The instruction concluded: "If you shall believe said collision was caused in any way other than is contemplated above, you should then find your verdict for the defendant." Appellant complains only of this concluding sentence on the theory that acts of negligence, other than failing to signal, were eliminated and the defendant's counsel was thus authorized to and did argue that if the accident was caused by an act other than the failure of the defendant to give a signal of his intention to stop, then the jury should find for him. Under the circumstances, there is no error in the instruction since the evidence was limited to the one act of negligence and no attempt was made to show that the accident was caused by any other act of negligence by the defendant. Ordinarily an instruction is given in the converse by simply stating to the jury that unless they so believe they should find for the defendant, but, under the circumstances, the concluding paragraph of instruction No. 1 was not erroneous.

Appellant complains because certain evidence was admitted over her objection. The evidence objected to related to the condition of the brakes on the truck, the manner in which the five passengers were riding in the cab of the truck, and whether or not the driver of the truck saw red lights on the rear of defendant's car when the truck was 15 or 20 feet distant. Apparently it is appellant's theory that the evidence should have been confined to the act of appellee, which she contends was negligent, but, undoubtedly, the defendant had the right to introduce proof tending to show that the collision was brought about by some other cause. All of the evidence of which complaint is made was competent.

Counsel for appellee in his argument to the jury

stated, in substance, several times that the jury could only find for the plaintiff if they believed that the defendant stopped his car suddenly without giving any signal and that this was the proximate cause of the accident, and if they believed the accident occurred in any other way they should find for the defendant. This argument was not improper. What we have said in regard to the criticism of the instructions answers appellant's criticism of the argument.

We find no error prejudicial to appellant's substantial rights, and the judgment is affirmed.