**J. R. HALL, Appellant,**

v.

**Charles NEAD and Frances L. Holliday, Partners, d/b/a Nead & Holliday, et al., Appellees.**
and
**Ellen HALL, Appellant,**

v.

**Charles NEAD and Frances L. Holliday, Partners, d/b/a Nead & Holliday, et al., Appellees.**

Court of Appeals of Kentucky

April 26, 1957.

Fritz Krueger, Russell Jones, Somerset, for appellants.

C. Homer Neikirk, John Prather, Somerset, for appellees.

CAMMACK, Judge.

On November 14, 1953, J. R. Hall and his wife, Ellen Hall, were driving south on Route 27 about one mile below Tateville, in Pulaski County. The road was being re-

surfaced, but only the southbound lane had been blacktopped, so that there was a difference of one and one-half inches between the levels of the north and south lanes. The Halls were proceeding along a straight stretch of road when they noticed a long line of cars approaching them at a moderate rate of speed. Heading the procession was a truck belonging to the appellees, Nead and Holliday, which was heavily loaded with tanks of bottled gas. Just before the accident, Ellis Wilson, driver for Nead and Holliday, was slowing down to make a left turn. A small pickup truck was following Wilson at a distance of approximately 150 feet. Crowded together on the seat of the pickup were three ladies and the driver, Leroy Cassada. As Wilson passed the Halls the Cassada truck hit the raised section of the highway, veered sharply to the left, and collided with the car of the Halls, both of whom received serious injuries.

Separate damage actions (later consolidated by the trial judge) were instituted by J. R. Hall and Ellen Hall, making Nead and Holliday the sole defendants. They alleged in their complaints that Wilson operated his truck in a negligent manner (i. e., stopping on a public highway without warning), and forced Cassada to enter the southbound lane, where he ran into the Halls' car. From an adverse judgment entered upon a jury's verdict the Halls are appealing.

On this appeal, the only errors assigned relate to the wording of the instructions given by the trial judge. Instruction 1 set forth the duties of Wilson, the truck driver, and required the jury to find for the Halls if Wilson breached one or more of his duties, and such breach was the proximate cause of the collision, unless it found against the Halls under one of the three ensuing instructions.

The first two of these instructions in effect required the jury to find for Nead and Holliday if it believed that Cassada negligently operated his truck and that his neg-ligence was the proximate cause of the accident. Instruction 4 absolved the appellees of liability if the jury determined that the wreck was an unavoidable accident. An instruction offered by the Halls requiring the jury to find for them if it found that both Wilson and Cassada were concurrently negligent, and that the collision resulted from such concurring negligence, was refused by the trial judge.

■ Basically, the Halls' objection on this point is that the jury was permitted to find for Nead and Holliday even though it were proven that their driver was negligent, if it found that Cassada was concurrently negligent. The trouble with this position is that neither party offered proof that the negligence of Wilson concurred with that of Cassada to bring about the wreck. The Halls' evidence was introduced to show that Wilson's alleged negligence was the sole cause of their injuries, while the evidence of Nead and Holliday pointed to Cassada's negligence as the only cause of the collision. The instruction offered by the appellants was not compatible with either the pleadings or the proof in the cases. Rolston v. Pratt, 101 Conn. 490, 126 A. 841; Smith v. Bonney, 215 N.C. 183, 1 S.E.2d 371; See Webb v. Linnemann, 201 Ky. 131, 255 S. W. 1036.

■ The objection of the Halls to the instructions given is likewise without merit. The evidence introduced by them was limited to show only one specific act of negligence—that Wilson slowed or stopped his truck without adequate warning. There was no attempt made to show that Wilson did any other negligent act, or that Cassada's veering across the road was more than a blameless reaction to Wilson's negligence. It was proper, therefore, to instruct the jury that if the Halls' injuries were incurred in some way other than as indicated by the evidence of the Halls, Nead and Holliday were not liable. McDowell v. Bryden, 290 Ky. 549, 162 S.W. 2d 2.

Judgment affirmed.