## O. W. SASSER v. HALES-BRYANT LUMBER COMPANY.

(Filed 1 April, 1914.)

**Trials—Verdicts Consistent—Contributory Negligence—Negligence —Assumption of Risks—Damages.**

In an action to recover damages for a personal injury alleged to have been negligently inflicted on the plaintiff, the jury, by their verdict, found the defendant guilty of negligence, the plaintiff of contributory negligence, that there was no assumption of risks, and assessed the damages: *Held*, the jury having found the issue as to contributory negligence against the plaintiff, judgment for defendant was properly rendered, the findings upon the issues of negligence, contributory negligence, and damages not being insensible and inconsistent, and the finding as to assumption of risk not relieving the plaintiff of the consequences of his contributory negligence.

Appeal by plaintiff from *Lyon, J.*, at September Term, 1913, of Cumberland.

Civil action tried upon these issues, viz.:

1. Was the plaintiff injured by the negligence of defendants, as alleged? Answer: Yes.

2. Did the plaintiff, by his own negligence, contribute to his injury? Answer: Yes.

3. Did the plaintiff voluntarily assume the risks and dangers incident to and attendant upon the operation of the edger? Answer: No.

4. What damages, if any, is plaintiff entitled to recover? Answer: $1,500.

Upon the return of the verdict, under a consent order, it went over to the October Term, 1913, of the Superior Court. At the October, 1913, Term of said court plaintiff moved the court to set aside the verdict and for a new trial, contending that the court could not proceed to judgment on the verdict, for the reason that the answers to the issues were inconsistent and contradictory.

The court overruled the plaintiff's motion, and rendered judgment upon the issues that the plaintiff was not entitled to recover anything, and that the defendant go without day and recover costs.

From the judgment rendered, the plaintiff appealed.

SASSER *v.* LUMBER CO.

*Stringfield & Stringfield and O. P. Dickinson for plaintiff.*
*Winston & Biggs for defendant.*

BROWN, J.   It is settled by the decisions of this Court that, in an action of this character, where the jury find that the plaintiff was injured by the negligence of the defendant, and further find that the plaintiff by his own negligence contributed to his injury, and then assess damages, the plaintiff is not entitled to recover, and the defendant is entitled to judgment upon the issues.

The force and effect of the establishing of contributory negligence upon the part of the plaintiff is only obviated by the further finding under a third issue that the defendant by the exercise of ordinary care could have avoided the injury notwithstanding the negligence of the plaintiff.   *Baker v. R. R.,* 118 N. C., 1016; *Harvell v. Lumber Co.,* 154 N. C., 262; *Hamilton v. Lumber Co.,* 160 N. C., 51.

In the last case *Justice Allen* says: "The plaintiff cannot recover as long as the answer to the second issue (establishing contributory negligence) stands."   This case cites and approves *Baker v. R. R., supra,* and holds that the respective findings of negligence, contributory negligence, and damages are not insensible and inconsistent, and the defendant is entitled to judgment.

The finding of the jury upon the third issue in this case relating to assumption of risk does not relieve the plaintiff of the consequences of his contributory negligence.

"There is a clearly marked line of divide between assumption of risk and contributory negligence," said *Justice Walker* in *Pigford v. R. R.,* 160 N. C., 97.   They are not one and the same thing, and, as is said by *Justice Hoke* in *Pressly v. Yarn Mills,* 138 N. C., 414, "It is usual and in most cases desirable to submit this question to the jury on a separate issue as to assumption of risk."

Affirmed.