CARL OATES v. L. L. HERRIN.

(Filed 8 May, 1929.)

1. Trial E c—Charge should explain all principles of law arising from evidence.

Where the issues of negligence, contributory negligence, assumption of risks, and damages are submitted to the jury, it is required that a trial court charge the jury as to the effect of a finding of negligence and contributory negligence on the issues of damages, and his failure to do so is reversible error. The correct form of these issues is given.

2. Trial E e—Requests for instruction not necessary where error in charge is upon substantial feature of case.

Where there is error in the charge upon a substantial.feature of the. case the appellant is entitled to a new trial upon error assigned without having made a special prayer for instructions in regard thereto.

**3. Trial F a—Court has power to give additional instructions and have jury again retire.**

The trial court has the power, if he is under the impression created by inconsistent answers to separate issues, that the jury had not understood his charge, to give additional instructions and have the jury again retire for further consideration.

APPEAL by defendant from *Stack, J.,* at March Term, 1929, of MECK-LENBURG.

Action for personal injury alleged to have been caused by the negligence of the defendant, a contractor, in failing to furnish the plaintiff, his employee, suitable timbers for the construction of a scaffold, from which the plaintiff fell to the ground. The record discloses these facts:

"The jury, after having deliberated for some time, came in and announced that they had reached a verdict, and returned the following verdict:

1. Was the defendant guilty of negligence as alleged in the complaint? Answer: Yes.

2. Was the plaintiff guilty of contributory negligence as alleged in the answer? Answer: No.

3. Did the plaintiff assume the risk of his injury as alleged in the answer? Answer: No.

4. What damages, if any, is the plaintiff entitled to recover of the defendant? Answer: Lost time and expenses.

The court refused to accept the verdict and sent the jury back for further deliberation. To this ruling of the court, which was made in the absence of counsel for both parties, the defendant excepts, which is defendant's exception No. 10. Thereupon the court further charged the jury as follows, counsel for neither party being present in court: 'I told you if you answered the first issue Yes and the second issue No, and the third issue No, then you would go to the fourth issue, and if you should reach that issue, that you must specify in dollars and say how much. You will have to retire and reconsider, then bring in your verdict.' To the foregoing portion of his Honor's charge the defendant excepts, which is defendant's exception No. 11. The jury went out, and after further deliberation returned a second verdict as follows:

1. Was the defendant guilty of negligence as alleged in the complaint? Answer: Yes.

2. Was the plaintiff guilty of contributory negligence as alleged in the answer? Answer: No.

3. Did the plaintiff assume the risk of his injury as alleged in the answer? Answer: No.

4. What damages, if any, is the plaintiff entitled to recover of the defendant? Answer: $450.00.

Upon the last verdict the court signed the judgment for the plaintiff,. which appears in the record, and thereafter, within due and proper time, the defendant duly excepted to said judgment and entered its appeal on the judgment docket, and gave the notice of appeal which appears in the record. The exception to the judgment above mentioned is defendant's exception No. 12."

*T. L. Kirkpatrick and B. G. Watkins for plaintiff.*
*John M. Robinson and Hunter M. Jones for defendant.*

ADAMS, J. In *Sasser v. Lumber Co.,* 165 N. C., 242, the jury in response to the first three issues found that the plaintiff had been injured by the negligence of the defendant; that the plaintiff by his own negligence had contributed to his injury, and that he had not assumed the risk of being injured; and in response to the fourth issue the jury assessed the plaintiff's damages at fifteen hundred dollars. The plaintiff entered a motion to set aside the verdict on the ground that the answers to the several issues were inconsistent and contradictory. The motion was denied, and in affirming a judgment for the defendant this Court said: "It is settled by the decisions of this Court that, in an action of this character, where the jury find that the plaintiff was injured by the negligence of the defendant, and further find that the plaintiff by his own negligence contributed to his injury, and then assess damages, . the plaintiff is not entitled to recover, and the defendant is entitled to judgment upon the issues." This statement of the law was approved in *Holton v. Moore,* 165 N. C., 549, decided a few weeks after the opinion in *Sasser's case* had been written.

In the cases just cited the verdicts were accepted by the court and entered of record; but in the case before us the judge, under an impression (created by inconsistent answers to separate issues) that the jury had not understood his charge, gave additional instructions and directed the jury to retire for further consideration. His right to pursue this course is established. *S. v. Whitaker,* 89 N. C., 473; *Ayscue v. Barnes,* 190 N. C., 859.

But there is a fatal error in the charge. These instructions were given: "If you answer the first issue No and the second Yes, you will not go any further, but if you answer the second No, then you will consider the third; if you answer the third No, you will go to the fourth. If you answer the first issue Yes, second No, third No, then you will proceed to the fourth issue and say what you find the damages to be. I want to make this plain to you: If you answer the first No, or if you answer it Yes, and second No, and third Yes, you don't go any further, because if he was injured by his own negligence he could not

recover, or if he was injured by any danger or risk incident to his employment he cannot recover." To the latter instruction the defendant excepted.

When upon tendering the first verdict, the jury were requested to retire, this instruction was given: "I told you if you answered the first issue Yes and the second issue No, and the third issue No, then you would go to the fourth issue, and if you should reach that issue you must specify in dollars and say how much." We find no instruction as to the effect on the fourth issue of an affirmative answer to each of the first two issues. It was the duty of the judge to give this instruction, without a special prayer, because it was a substantive and not a subordinate feature of the trial, and the exceptions present the question of a failure to enlighten the jury on this aspect of the evidence. *S. v. O'Neal,* 187 N. C., 22; *S. v. Merrick,* 171 N. C., 795. For this reason there must be a new trial. Other exceptions raise serious questions which it is unnecessary to consider.

We take occasion to express our disapproval of the form in which the first two issues were submitted to the jury. They should have been framed so as to enable the jury specifically to find whether the plaintiff had been injured by the negligence of the defendant as alleged in the complaint, and whether the plaintiff by his own negligence had contributed to his injury as alleged in the answer.

New trial.