D. L. McKOY v. A. F. CRAVEN.

(Filed 6 June, 1930.)

**Negligence D d—Where issue of contributory negligence is answered in defendant's favor the plaintiff is not entitled to recover.**

Where the issue of negligence and contributory negligence arise in an action for damages to the plaintiff's automobile, there being no issue as to the last clear chance, the plaintiff is not entitled to judgment where the jury answers both issues in the affirmative and awards damages.

APPEAL by plaintiff from *Shaw, J.,* at January Term, 1930, of IREDELL. No error.

The verdict was as follows:

1. Was the plaintiff's car damaged by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

2. Did the plaintiff, by his own negligence, contribute to his damage, as alleged in the answer? Answer: Yes.

What amount, if any, is the plaintiff entitled to recover of the defendant? Answer: $50.00.

It was thereupon adjudged that the plaintiff take nothing by his action and that the defendant recover his costs.

*Zeb V. Turlington for plaintiff.*
*Raymer & Raymer for appellee, Albert L. Storr.*

ADAMS, J. The plaintiff and the defendant were equally in fault. If one can recover so can the other. Thus there would be "mutual faults and mutual recoveries, which would contradict the saying that 'law is the perfection of reason.'" *Herring v. R. R.,* 32 N. C., 402. It is settled by the decisions of this Court that the plaintiff is not entitled to damages upon the verdict. *Baker v. R. R.,* 118 N. C., 1015; *Sasser v. Lumber Co.,* 165 N. C., 242; *Carter v. R. R., ibid.,* 244, 255; *Holton v. Moore, ibid.,* 549. It will be noted that there is no issue as to the last clear chance. *Gunter v. Wicker,* 85 N. C., 310; *Edge v. R. R.,* 153 N. C., 212. The appellant cites *Wood v. Jones, ante,* 356; but in that case the second issue was whether the defendant, not the plaintiff, had by his own negligence contributed to his injury. A new trial was given because the verdict was indefinite.

No error.