## N. R. BULLARD v. G. R. ROSS.

(Filed 13 December, 1933.)

**1. Negligence D e: Trial G b—**

Where the verdict of the jury establishes contributory negligence on the part of plaintiff, he may not recover damages assessed by the jury in his favor although the verdict also establishes negligence on the part of defendant.

**2. Damages C a—**

In an action to recover for the negligent killing of plaintiff's mules evidence that the loss of the mules resulted in a partial loss of plaintiff's crops is properly excluded as being of remote and speculative or conjectural damages.

**3. Appeal and Error J e—**

Where upon the verdict of the jury upon the merits of the case plaintiff is not entitled to recover, error, if any, in the exclusion of evidence of additional damages is immaterial.

**4. Negligence B d—**

There may be concurrent proximate causes of injury.

APPEAL by plaintiff from *Sinclair, J.,* at February Term, 1933, of COLUMBUS. No error.

The plaintiff brought suit to recover damages caused by a collision of the defendant's truck with the plaintiff's wagon and mules on a public highway. The plaintiff offered evidence that his wagon was damaged, one of his mules killed and the other injured; the defendant contended that the wagon was driven at night without a light on the wrong side

of the road. Each party insisted that the other was negligent. The jury returned the following verdict:

1. Was the plaintiff's personal property damaged by the negligence of the defendant, as alleged in the complaint? Answer: "Yes."

2. Did the plaintiff, by his own negligence, contribute to his damage, as alleged in the answer? Answer: "Yes."

3. What damages, if any, is plaintiff entitled to recover of the defendant? Answer: "$250."

Judgment for defendant; exception and appeal by plaintiff.

*Williamson & Bennett for plaintiff.*
*Powell & Lewis for defendant.*

ADAMS, J. The affirmative answer to the second issue bars the plaintiff's recovery of damages. *Crane v. Carswell,* 203 N. C., 555; *Allen v. Yarborough,* 201 N. C., 568; *McKoy v. Craven,* 198 N. C., 780.

The plaintiff excepted to the exclusion of evidence tending to show that the death of one mule and the injury of the other resulted in the loss, or partial loss, of his crop. The proposed evidence, being remote and speculative or conjectural, was properly excluded. *Sledge v. Reid,* 73 N. C., 440. Besides, in view of his contributory negligence an increase in the assessment of damages would be of no benefit to the plaintiff.

We find no error in the instruction relating to the second issue. There may be concurrent proximate causes of an injury. *White v. Realty Co.,* 182 N. C., 536; *Harton v. Telephone Co.,* 141 N. C., 455.

No error.