The plaintiff brought suit to recover damages caused by a collision of the defendant's truck with the plaintiff's wagon and mules on a public highway. The plaintiff offered evidence that his wagon was damaged, one of his mules killed and the other injured; the defendant contended that the wagon was driven at night without a light on the wrong side *Page 496 
of the road. Each party insisted that the other was negligent. The jury returned the following verdict:
1. Was the plaintiff's personal property damaged by the negligence of the defendant, as alleged in the complaint? Answer: "Yes."
2. Did the plaintiff, by his own negligence, contribute to his damage, as alleged in the answer? Answer: "Yes."
3. What damages, if any, is plaintiff entitled to recover of the defendant? Answer: "$250."
Judgment for defendant; exception and appeal by plaintiff.
The affirmative answer to the second issue bars the plaintiff's recovery of damages. Crane v. Carswell, 203 N.C. 555; Allen v. Yarborough,201 N.C. 568; McKoy v. Craven, 198 N.C. 780.
The plaintiff excepted to the exclusion of evidence tending to show that the death of one mule and the injury of the other resulted in the loss, or partial loss, of his crop. The proposed evidence, being remote and speculative or conjectural, was properly excluded. Sledge v. Reid,73 N.C. 440. Besides, in view of his contributory negligence an increase in the assessment of damages would be of no benefit to the plaintiff.
We find no error in the instruction relating to the second issue. There may be concurrent proximate causes of an injury. White v. Realty Co.,182 N.C. 536; Harton v. Telephone Co., 141 N.C. 455.
No error.