C. A. EMERSON v. GEORGE A. MUNFORD.

(Filed 11 May, 1955.)

1. **Automobiles §§ 8i, 18h (2), 18h (3)—Plaintiff's evidence held to show negligence on part of defendant causing collision at intersection, and not to disclose contributory negligence as a matter of law.**

Plaintiff's evidence tended to show that he was traveling east in the extreme right lane on a six-lane street, to the right of a truck with a box-type solid body, that he saw the traffic stopped in the west lanes of traffic

in response to the traffic light, without any driver giving a left turn signal, that as he neared the intersection, the traffic light turned from red to green, and the vehicles to his left started moving forward, so that plaintiff continued on into the intersection with his view to the left blocked by the truck, that after he had gone into the intersection 10 or 12 feet, the truck suddenly stopped, that plaintiff then ascertained that defendant's car, which had been traveling in the opposite direction, was making a left turn across the three lanes of east-bound traffic, traveling 18 to 20 miles per hour without any attempt to stop, and that plaintiff applied his brakes, but skidded from 12 to 13 feet straight down the lane in which he was traveling, and struck defendant's car. *Held:* Plaintiff's evidence makes out a *prima facie* case of negligence against defendant in violating the provisions of G.S. 20-154, defendant's evidence in conflict being disregarded, and fails to establish contributory negligence on the part of plaintiff as a matter of law, so that motion for judgment as of nonsuit was properly denied.

**2. Negligence § 19c—**

A motion for nonsuit on the ground of contributory negligence will be allowed only when plaintiff's evidence establishes this defense and is so clear that no other reasonable inference is deducible therefrom, and when the evidence is susceptible of diverse inferences, the motion should be denied.

BARNHILL, C. J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Armstrong, J.,* and a jury, at 6 September, 1954, Regular Civil Term of MECKLENBURG.

Civil action to recover for personal injuries resulting from a collision of two motor vehicles in a street intersection.

The collision occurred in the daytime, at the intersection of Independence Boulevard and Baldwin Circle in the City of Charlotte. Independence Boulevard runs east and west. It is about 70 feet wide, and is divided into six lanes, with three marked lanes for eastbound traffic and three for westbound traffic. Baldwin Circle, approximately 42 feet wide, joins Independence Boulevard on the south side but does not cross it. The dead-end junction thus formed is in the shape of a "T." Traffic at the intersection was controlled at the time of the collision on 24 April, 1953, by a single overhead electric signal device, alternately exhibiting red and green lights.

The vehicles involved were a pick-up truck and an Oldsmobile passenger car. Both vehicles were on Independence Boulevard as they approached the intersection. The pick-up was being driven by the plaintiff in an easterly direction; the Oldsmobile by the defendant in a westerly direction. Hence, the two drivers approached the intersection meeting each other. The plaintiff was in the extreme right-hand lane for eastbound traffic, next to the curb; the defendant was in the extreme lefthand lane for westbound traffic, next to the center of

the street.   For statutory speed limit purposes it was stipulated that the intersection is in a residential district.

According to the plaintiff's evidence, as he approached the intersection going east, and when he was 200 feet or more away, he observed the traffic light was red for traffic moving on Independence Boulevard and that there were vehicles stopped and waiting for it to change in all three westbound lanes, but with no signal being given for any turn.   He also observed that there were vehicles stopped and waiting in both the other eastbound lanes on his left.   The outside eastbound lane in which he was approaching was open ahead of him.   The vehicle stopped for the light in the eastbound lane on his immediate left was a truck approximately 35 or 40 feet long, with a large, box-type solid body.   The plaintiff intended to pull up and stop beside the truck, but when he was still a few feet from the rear of the truck he observed the traffic light turn from red to green for traffic on Independence Boulevard.   Both vehicles to his left in the other eastbound lanes started moving forward; so the plaintiff continued on into the intersection, moving alongside the large truck on his left.   After having gone into the intersection 10 or 12 feet, the driver of the large truck on his left stopped suddenly.   At that time the plaintiff saw the defendant's Oldsmobile car making a left turn and coming across in front of the three lanes of eastbound traffic, "in a 45-degree angle," to enter Baldwin Circle.   The plaintiff, then traveling about 25 miles per hour, applied his brakes, and his pick-up truck skidded some 12 or 13 feet, straight down the lane in which he was traveling.   That was the first time he had been able to see the defendant's Oldsmobile after it started turning, since his view to the left had been blocked by the big truck next to him.   The defendant made no attempt to stop.   He was "gunning his car" to get across the intersection.   The defendant's speed was estimated by the plaintiff at from 18 to 20 miles per hour.   The collision took place in the middle of the plaintiff's eastbound traffic lane 10 or 12 feet inside the intersection— that distance beyond the white line where cars stop on Independence Boulevard "in the case of a red light."   The front of the plaintiff's pick-up came into contact with the right side of the defendant's Oldsmobile, between the two doors.   The plaintiff sustained substantial personal injuries.

The defendant testified that when the light changed to green he moved forward to the center of the intersection, paused briefly with his left arm still out signaling his intention to turn left, and seeing the car in the nearest lane for eastbound traffic was yielding to him—in fact, backing up—he went into his left turn intending to enter Baldwin Circle; that the large truck in the middle eastbound lane was standing still when he started the left turn; that the truck moved forward a few

feet and then stopped. Whereupon the defendant proceeded on in low gear, not "over one or two miles an hour," and was hit by the plaintiff's pickup.

Issues of negligence, contributory negligence, and damages were answered by the jury in favor of the plaintiff, and he was awarded damages in a substantial amount.

From judgment based on the verdict, the defendant appeals, bringing forward only the assignments of error which relate to the refusal of the court to allow his motion for judgment as of nonsuit.

*G. T. Carswell and Henry E. Fisher for plaintiff, appellee.*
*Campbell, Craighill, Rendleman & Kennedy for defendant, appellant.*

JOHNSON, J. This case involves no new question requiring an extended discussion of the controlling principles of law.

The evidence on which the plaintiff relies is sufficient to support the inference of negligence on the part of the defendant as the proximate cause of the collision, for failure to observe the requirements of G.S. 20-154 in making his left turn from Independence Boulevard into Baldwin Circle. It may be conceded also that the evidence on which the defendant relies, largely omitted from the statement of facts as not being pertinent to decision, was sufficient to have sustained a jury-finding in his favor, either on the ground that he was free of actionable negligence or upon the theory that the plaintiff was contributorily negligent by reason of the manner in which he approached and entered the intersection wherein the defendant was in the act of making a left turn. Nevertheless, a study of the record leaves the impression that the plaintiff's evidence made out a *prima facie* case of actionable negligence against the defendant, free of contributory negligence as a matter of law. It is well established by the decisions of this Court that a motion for nonsuit on the ground of contributory negligence shown by the plaintiff's evidence will be allowed only when the evidence is so clear that no other reasonable inference is deducible therefrom. *Bundy v. Powell*, 229 N.C. 707, 51 S.E. 2d 307; *Fowler v. Atlantic Co.*, 234 N.C. 542, 67 S.E. 2d 496; *Donlop v. Snyder*, 234 N.C. 627, 68 S.E. 2d 316. Here the evidence was susceptible of diverse inferences. Hence the issues of negligence and contributory negligence were properly submitted to the jury.

The verdict and judgment below will be upheld.

No error.

BARNHILL, C. J., took no part in the consideration or decision of this case.