PAUL E. PRICE v. EDWARD F. GRAY, JR., AND EDWARD F. GRAY, SR.

(Filed 1 May, 1957.)

1. Automobiles § 41g—

The collision in suit occurred in an intersection having no traffic control signs or signal devices. The evidence tended to show that defendant driver entered the intersection at excessive speed, from plaintiff's left, and struck plaintiff's vehicle midway on its left side. *Held:* The evidence is sufficient to be submitted to the jury on the question of defendant driver's negligence in failing to yield the right of way to plaintiff. G.S. 20-155(a).

2. Automobiles § 42g—

Evidence tending to show that plaintiff's vehicle approached an intersection having no traffic control signs or signal devices, at a speed of 20 miles per hour, that plaintiff looked without seeing any impeding traffic, and entered the intersection, where his car was struck on its left side by the

car operated by defendant driver, which approached the intersection from plaintiff's left, traveling some 50 miles per hour, *is held* not to show contributory negligence as a matter of law on the part of plaintiff.

**3. Evidence § 52—**

The fact that the form of a hypothetical question is objectionable will not be held prejudicial when the answer of the expert witness discloses that it was based not upon the hypothetical facts, but upon facts within the personal knowledge of the witness gained from examination and diagnosis.

**4. Appeal and Error § 41—**

An exception to the admission of testimony is waived when other evidence of the same import is admitted without objection.

**5. Negligence § 5—**

There may be more than one proximate cause of an injury.

**6. Same—**

The issue of negligence is properly answered in the affirmative if defendant's negligence is a proximate cause of plaintiff's injuries, regardless of whether the negligence of some outside agency or responsible third party, or even the contributory negligence of plaintiff, concurs in causing the injury, the question of contributory negligence of the plaintiff as a bar to recovery being for the consideration of the jury upon the subsequent issue relating to that question.

**7. Automobiles § 46: Negligence § 20: Appeal and Error § 20—**

An instruction that the issue of negligence should be answered in the affirmative if the jury should find from the greater weight of the evidence that defendants' negligence was "a" proximate cause of plaintiff's injury, is without error, and the fact that in all other portions of the charge the court instructed the jury to answer that issue in the affirmative if they found by the greater weight of the evidence that defendants' negligence was "the" proximate cause of the injury, is favorable to defendants and they cannot be heard to complain thereof.

**8. Automobiles § 46: Negligence § 20: Appeal and Error § 42—**

A charge which in one instance alone inadvertently placed the burden upon defendant to show that plaintiff's contributory negligence was "the," rather than "a," proximate cause of the injury, but which in other portions repeatedly stated the correct rule that plaintiff's contributory negligence would bar recovery if a proximate cause of the injury, or one of them, and also that if the negligence of both contributed to the injury, neither could recover, so that construed contextually it could not have misled the jury, will not be held for prejudicial error for the one technical deviation from the correct rule.

**9. Appeal and Error § 39—**

Appellants must not only show error, but that the error amounted to a denial of a substantial right.

APPEAL by defendants from *Parker, J.,* October, 1956 Term, LENOIR Superior Court.

This civil action grew out of an automobile collision at a street inter-section in a residential district of Kinston. The accident occurred about nine o'clock on the morning of 17 October, 1955. A mist of rain was falling. The plaintiff was driving west on Dixon Street. The de-fendant, Edward F. Gray, Jr., son and agent of Edward F. Gray, Sr., was driving north on Charlotte Avenue. Both intersecting streets are paved and each is 30 feet wide. There were no traffic control signs or signal devices at the intersection.

The plaintiff sustained serious and permanent injuries. Both cars were damaged. The pleadings raise the issues of negligence, contribu-tory negligence, personal injury to the plaintiff, and property damage to the Gray car. The negligence and contributory negligence and dam-age issues were answered in favor of the plaintiff. From the judgment on the verdict, the defendants appealed.

*Owens & Langley for plaintiff, appellee.*
*Wallace & Wallace and White & Aycock for defendants, appellants.*

HIGGINS, J. The defendants assign as error the refusal of the court to allow the motion for nonsuit. The plaintiff testified there was a mist of rain falling; that he entered the intersection at about 20 miles per hour; that he looked, did not see any impeding traffic; when he looked again he saw the defendants' car 15 feet to his left; that the front of the Gray car hit the plaintiff's car about midway between the left wheels. The plaintiff, without objection, testified the Gray car was running about 50 miles per hour.

The evidence that defendant Gray, Jr., failed to yield the right of way to the plaintiff who was on the right, G.S. 20-155(a), *Taylor v. Brake,* 245 N.C. 553, 96 S.E. 2d 686; *Wright v. Pegram,* 244 N.C. 45, 92 S.E. 2d 416; *Emerson v. Munford,* 242 N.C. 241, 87 S.E. 2d 306; *Harrison v. Kapp,* 241 N.C. 408, 85 S.E. 2d 337; *Donlop v. Snyder,* 234 N.C. 627, 68 S.E. 2d 316, and that the defendant was driving at 50 miles per hour through the intersection, raised the issue of defendants' negli-gence, G.S. 20-140.1, G.S. 20-141(b) (2), G.S. 20-155(a); *Freeman v. Preddy,* 237 N.C. 734, 76 S.E. 2d 159; *Bennett v. Stephenson,* 237 N.C. 377, 75 S.E. 2d 147. From the relative speed of the cars and the point of collision, it cannot be concluded that plaintiff's contributory negli-gence appears as a matter of law. *Wright v. Pegram, supra; Emerson v. Munford, supra; Donlop v. Snyder, supra; Bundy v. Powell,* 229 N.C. 707, 51 S.E. 2d 307. On the evidence presented, both negligence and contributory negligence were jury questions. The motion for non-suit at the close of all the evidence was properly denied.

The defendants insist that if the decision is adverse to them on the motion to nonsuit, at least they are entitled to a new trial for errors

in the admission of testimony and in the charge. The plaintiff asked his witness, Dr. Witherington, a long hypothetical question relating to the necessity for removing the plaintiff's kidney following the injury. The defendants' objection was overruled and the witness answered: "It is my opinion that the damage to his left kidney was the result directly of the accident. From my findings when he came in he had tenderness and fullness in the region of the left kidney immediately after the injury; he was passing blood from that left kidney and x-ray studies revealed damage." The form of the question is objectionable, however, the exception cannot be sustained for two reasons: First, the doctor's answer shows rather plainly that it was based, not upon the hypothetical facts, but upon his personal knowledge, diagnosis, and findings. Second, before the question was asked, Dr. Witherington had already testified without objection: "We hoped when he first came in that we could arrest the hemorrhage from his kidney. We don't want to take out a kidney unless we have to. The first week we had hopes that he would straighten out. The second week we had dye studies made and it looked like we could save it. He then went out—and it started bleeding again and we sent him to Dr. Roberts at Watts Hospital, hoping they could save the kidney. They did some more study and the kidney was mashed so badly there wasn't any hope of saving any of it."

An exception is waived when other evidence of the same import is admitted without objection. *Hughes v. Enterprises*, 245 N.C. 131, 95 S.E. 2d 577; *Spears v. Randolph*, 241 N.C. 659, 86 S.E. 2d 263; *Wilson v. Finance Co.*, 239 N.C. 349, 79 S.E. 2d 908; *White v. Price*, 237 N.C. 347, 75 S.E. 2d 244.

The defendants except to the charge for that the court in one instance instructed the jury to answer the first issue (defendant's negligence) "yes" if they found by the greater weight of the evidence that the defendants' negligence was a proximate cause of the plaintiff's injury; and in one instance to answer the second issue (plaintiff's contributory negligence) "yes" if they found by the greater weight of the evidence the plaintiff's negligence was the proximate cause of his injury. However, in all other instances the court charged the jury to answer the first issue "yes" if they found by the greater weight of the evidence that the defendants' negligence was the proximate cause of plaintiff's injury; otherwise to answer the issue, "no." And in all other instances the court charged the jury that if they came to the second issue to answer it "yes" if they found by the greater weight of the evidence the plaintiff's contributory negligence was a proximate cause of his injury; otherwise to answer it, "no." In addition, the court charged: "If you find by the greater weight (of the evidence) that both parties were

negligent and that such negligence on the part of both parties is one of the proximate causes of the injury, then neither party may recover."

Without doubt, the rule in North Carolina as well as in a majority of the states is that there can be more than one proximate cause of an injury. "Accordingly, where several causes combined to produce injury a person is not relieved from liability because he is responsible for only one of them." 65 C.J.S., sec. 110, pp. 676, 677, citing cases from courts of last resort in 30 states, including the following from North Carolina: *Graham v. R. R.*, 240 N.C. 338, 82 S.E. 2d 346; *Henderson v. Powell*, 221 N.C. 239, 19 S.E. 2d 876; *Lancaster v. Greyhound*, 219 N.C. 679, 14 S.E. 2d 820. ". . . it is well settled, however, that negligence in order to render a person liable need not be the sole cause of an injury." 38 Am. Jur., sec. 63, p. 715, citing many cases, including *Paul v. R. R.*, 170 N.C. 230, 87 S.E. 66.

The defendants rely on *Harris v. Montgomery Ward & Co.*, 230 N.C. 485, 53 S.E. 2d 536, and *Gentile v. Wilson*, 242 N.C. 704, 89 S.E. 2d 403, as grounds for a new trial for that in one instance the court cast upon the plaintiff the burden of showing the defendants' negligence was a proximate cause of his injury and in one instance the court cast upon the defendants the burden of showing the plaintiff's contributory negligence was the proximate cause of plaintiff's injury. In the *Harris* and *Gentile cases* issues of negligence and contributory negligence were involved. The cases therein cited as authority do not involve a charge to the jury. The questions arose on demurrer challenging the sufficiency of the pleadings or on motion for nonsuit challenging the sufficiency of the evidence. It must be conceded, however, that the two cases relied on by the defendants, when literally interpreted, furnish authority for the defendants' position. However, both cases recognize there may be more than one proximate cause of an injury. They also furnish authority for the proposition that the plaintiff is only required to satisfy the jury that the defendants' negligence was one of the proximate causes of the plaintiff's injury "where the evidence also tends to show that the negligence of some other person or agency concurred with the negligence of the defendant in producing plaintiff's injury." We think the departure in those cases was due to the fact that the court failed to recognize that the plaintiff's contributory negligence was the negligent act of another person or agency—the plaintiff's—which concurred with the negligence of the defendant in producing the injury. The cases cited as authority for the holding in the *Harris* and *Gentile cases* are based on what must be shown in order to charge the defendant with *liability* rather than what must be shown to justify an *affirmative answer on the issue of negligence*. The combined findings on issues both of negligence and contributory negligence are necessary to determine liability.

No valid reason appears why the contributory negligence of the plaintiff should not be deemed included in the term "negligence of some other person or agency." Numerous cases are authority for the proposition that where there is evidence of negligence on the part of the defendant and likewise of a third party, which negligence is not attributable to the plaintiff, the defendant is *liable* if its negligent act constituted one of the proximate causes of the injury. *Sample v. Spencer,* 222 N.C. 580, 24 S.E. 2d 241; *Rattley v. Powell,* 223 N.C. 134, 25 S.E. 2d 448. Again, liability is spoken of, and liability is not determined by the issue of negligence alone. Where the question of liability involves issues of negligence and contributory negligence it is sufficient for the court to charge that if the jury finds from the evidence and by its greater weight that the defendant was negligent and that his negligence was *the proximate cause, or one of the proximate causes* of the plaintiff's injury, it should answer the issue, "yes"; otherwise, "no." And on the issue of contributory negligence it is sufficient to charge that if the jury finds from the evidence and by its greater weight that the plaintiff was also negligent and that his negligence contributed to his injury *as one of the proximate causes thereof,* it should answer the issue, "yes," otherwise, "no." We think the confusion has arisen in attempting to apply the rule of liability when charging on the single issue of negligence. When contributory negligence is also involved, liability can only be determined by the answer to both issues. Fully sustaining the foregoing are the cases of *Hinnant v. Power Co.,* 187 N.C. 288, 121 S.E. 540; *Bullard v. Ross,* 205 N.C. 495, 171 S.E. 789; *Godwin v. Cotton Co.,* 238 N.C. 627, 78 S.E. 2d 772.

In the three cases just cited, issues of negligence and contributory negligence were presented. The *Hinnant case* involves the following instruction to the jury: "You not only have to find that the injury was the result of negligence upon the part of the defendant, but you have to go further and find that the negligence was the proximate cause or one of the proximate causes of plaintiff's intestate's death. In a case of this character there may be one proximate cause of the injury, or there may be more than one. There may be an indefinite number of causes which resulted in the death which are proximate causes, and it is for you to say, when you come to this question, whether or not you find that the defendant was guilty of negligence in occasioning this injury, and if such negligence was the proximate cause or one of the contributing proximate causes of his death. Proximate cause is that which, in natural and continuous sequence, unbroken by any new and independent cause, produces the event, and without which the event would not have occurred. That is the legal definition of proximate cause." In passing on that charge, this Court had the following to say: "We think the charge, under the facts and circumstances of the case, is in accord

with the decisions of this Court." Citing *Drum v. Miller,* 135 N.C. 204, 47 S.E. 421; *Ramsbottom v. R. R.,* 138 N.C. 38, 50 S.E. 448; *Fisher v. New Bern,* 140 N.C. 506, 53 S.E. 342; *Harton v. Telephone Co.,* 141 N.C. 455, 54 S.E. 299; *Ward v. R. R.,* 161 N.C. 179, 76 S.E. 717; *Paul v. R. R.,* 170 N.C. 230, 87 S.E. 66; *Taylor v. Lumber Co.,* 173 N.C. 112, 91 S.E. 719; *Lea v. Utilities Co.,* 175 N.C. 459, 95 S.E. 894; *Stultz v. Thomas,* 182 N.C. 470, 109 S.E. 361.

In *Bullard v. Ross, supra,* in referring to a charge on contributory negligence, the Court said: "We find no error in the instruction relating to the second issue. There may be concurrent proximate causes of an injury. *White v. Realty Co.,* 182 N.C. 536, 109 S.E. 564; *Harton v. Tel. Co., supra.*" In that case issues of negligence and of contributory negligence were before the jury.

In the case of *Godwin v. Cotton Co., supra,* the following charge was up for review: ". . . if you find the truck driver was negligent, and that his negligence was the proximate cause of the injury to Mrs. Godwin, and then you further find that she was negligent and that her negligence combined and concurred with his negligence and was the proximate cause of her injury, then you would answer the second issue, yes." In ordering a new trial, this Court said: "It is clear that if the negligence of the defendant was the proximate cause of the plaintiff's injuries, and not merely a proximate cause or one of the proximate causes thereof, then the negligence of the plaintiff, if any, would not constitute contributory negligence. *Construction Co. v. R. R.,* 184 N.C. 179, 113 S.E. 672. On the other hand, if the negligence of the plaintiff was the proximate cause of her injuries, the idea of negligence on the part of the defendant would be excluded. *Godwin v. R. R.,* 220 N.C. 281, 17 S.E. 2d 137; *Absher v. Raleigh,* 211 N.C. 567, 190 S.E. 897; *Wright v. Grocery Co.,* 210 N.C. 462, 187 S.E. 564; *Newman v. Coach Co.,* 205 N.C. 26, 169 S.E. 808; *Lunsford v. Mfg. Co.,* 196 N.C. 510, 146 S.E. 129; . . ." The negligence of each party was *a* proximate cause; the negligence of neither was *the* proximate cause. The concurrence of a proximate cause resulting from the defendants' negligence and a proximate cause resulting from plaintiff's contributory negligence produce the proximate cause or causes of the injury.

In view of what has already been said, it appears the Court imposed an undue burden on the plaintiff by requiring him to show by the greater weight of the evidence that the defendants' negligence was the proximate cause of the plaintiff's injuries in order to entitle him to a favorable answer on the issue of the defendants' negligence. This instruction was favorable to the defendants. They were not prejudiced thereby and cannot be heard to complain.

The only question remaining is whether the case should be sent back for a new trial because the judge in one instance inadvertently placed

on the defendants the burden of showing by the greater weight of the evidence that the plaintiff's contributory negligence was the proximate cause of the plaintiff's injury. Repeatedly in the charge the trial judge placed the burden on the defendants of satisfying the jury by the greater weight of the evidence that the plaintiff's contributory negligence was a, or one of, the proximate causes of his injury. Also the court charged that if the negligence of both contributed to the injury and damage, neither could recover. In the charge on contributory negligence the interchange of "the" for "a" one time was apparently an inadvertence, an oversight, a slip of the tongue, on the part of the trial judge. The issues of negligence and contributory negligence were clear-cut and the evidence thereon sharply in conflict. Construing the charge as a whole it is difficult to believe the jury was or could have been misled. What is said here is not intended as a relaxation of the rule that where conflicting charges are given on a material aspect of the case a new trial will be awarded on the theory that the jury cannot tell in which instance the judge charged correctly. *Owens v. Kelly,* 240 N.C. 770, 84 S.E. 2d 163; *Morgan v. Oil Co.,* 238 N.C. 185, 77 S.E. 2d 682; *Green v. Bowers,* 230 N.C. 651, 55 S.E. 2d 192; *Templeton v. Kelley,* 217 N.C. 164, 7 S.E. 2d 380.

When the charge is considered contextually and as a whole, the slip of the tongue in the one instance cannot be considered as anything more than a highly technical deviation from the correct rule, too microscopic to have been misunderstood by the jury or to have affected the outcome. Appellants must not only show error, but that the error amounted to a denial of a substantial right. *Spears v. Randolph,* 241 N.C. 659, 86 S.E. 2d 263; *Billings v. Renegar,* 241 N.C. 17, 84 S.E. 2d 268; *Johnson v. Heath,* 240 N.C. 255, 81 S.E. 2d 657; *Collins v. Lamb,* 215 N.C. 719, 2 S.E. 2d 863. The record fails to disclose a valid reason why the verdict should be disturbed.

No error.