HALL *v*. CARROLL AND MOORE *v*. CARROLL.

MATTIE ESTELLE HALL, ADMINISTRATRIX OF THE ESTATE OF LILLIE
MAE HALL, PLAINTIFF

v.

HARRY CARROLL, DEFENDANT AND JOHN H. SINGLETON AND ULYSSES
MOORE, ADDITIONAL DEFENDANTS

AND

ROBERTA McMILLIAN MOORE, ADMINISTRATRIX OF THE ESTATE OF
JAMES ARTHUR McMILLIAN, PLAINTIFF

v.

HARRY CARROLL, DEFENDANT AND JOHN H. SINGLETON AND ULYSSES
MOORE, ADDITIONAL DEFENDANTS.

(Filed 20 September, 1961.)

**1. Trial § 18—**

Upon motion to nonsuit, the function of the court is to determine only
whether the facts and circumstances in evidence, considered in the light
most favorable to the plaintiff, tend to make out and sustain the cause
of action alleged in the complaint.

**2. Trial § 22—**

Contradictions in the testimony go to its weight, which is for the jury,
and therefore do not justify nonsuit.

**3. Automobiles § 48—**

If the negligence of the driver of one car is a proximate cause of a
collision between two other vehicles, a passenger in one of the colliding
vehicles may hold such driver liable even though negligence on the part
of either or both of the drivers of the colliding vehicles join and concur
in producing the injury.

**4. Negligence § 7—**

There may be more than one proximate cause of an accident and
injury.

**5. Automobiles § 9—**

The stopping of an automobile upon the highway without giving any
signal either by hand or by device approved by the Department of Motor
Vehicles, when the operation of any other vehicle may be affected by
such movement, is negligence. G.S. 20-154.

**6. Same—**

Where the evidence discloses that a vehicle stopped on a highway
some distance before reaching an intersection at which a blinker light
was maintained, it is for the jury to say whether the blinker light was
close enough to relieve the driver of the car of the duty to give proper
signal of his intention to stop on the highway.

**7. Automobiles §§ 41a, 43— Whether stopping without signal was
proximate cause of collision between two other vehicles held for jury.**

The evidence disclosed that the car in which plaintiffs' intestate was

a passenger followed the car operated by the appealing defendant .for a distance of some two miles upon a wet and slippery highway, that the appealing defendant suddenly stopped his car without giving any signal of his intention to do so, that the driver of the car in which intestate was riding applied his brakes, skidded to the left across the other lane of the highway, and crashed head-on into a vehicle which approached from the opposite direction. *Held:* The evidence is sufficient to be submitted to the jury on the question of the appealing defendant's negligence as a proximate cause of the injury notwithstanding that his car did not come in contact with either of the colliding vehicles and notwithstanding any negligence on the part of the drivers of the colliding vehicles.

APPEAL by plaintiffs from *Campbell, J.,* February, 1961, Civil Term, BUNCOMBE Superior Court.

These civil actions, each for wrongful death, grew out of an automobile accident which occurred near the town of Fletcher in Henderson County about 7:00 a.m. on November 17, 1956. The cases were consolidated and tried together. At the close of the plaintiff's evidence the court granted Harry Carroll's motions for involuntary nonsuit. From the judgments dismissing the actions as to him, the plaintiffs appealed.

*S. Thomas Walton, for plaintiffs, appellants.*

*Van Winkle, Walton, Buck and Wall, By Herbert L. Hyde, for defendant, appellee.*

HIGGINS, J.   These cases have been considered on previous appeals. They are reported in 249 N.C. 287, 106 S.E. 2d 214, and 253 N.C. 220, 116 S.E. 2d 459. The plaintiffs now seek to have the Court reverse the judgments of involuntary nonsuit entered in the superior court at the close of the plaintiffs' evidence. The present appeals pose these questions of law: (1) Did the trial court have before it any substantial evidence of facts and circumstances from which, viewed in the light most favorable to the plaintiffs, negligence on the part of Harry Carroll may reasonably be inferred? (2) If so, was such negligence the proximate cause, or one of the proximate causes of the fatal accident? *Peeden v. Tait,* 254 N.C. 489, 119 S.E. 2d 450; *Price v. Gray,* 246 N.C. 162, 97 S.E. 2d 844.

The court determines whether the facts and circumstances in evidence have probative value on the material issues involved; that is, when taken in the light most favorable to the plaintiff do they tend to make out and sustain the cause of action alleged in the complaint? An affirmative answer by the court to this preliminary question sends the case to the jury. *Wall v. Bain,* 222 N.C. 375, 23 S.E. 2d 330. The

jury weighs the evidence. Consequently, contradictions in the testimony involve weight and do not justify nonsuit. *Maddox v. Brown,* 232 N.C. 244, 59 S.E. 2d 791.

Roberta McMillian Moore testified as a witness for the plaintiffs. Here, summarized in part and quoted in part, is her testimony: The witness and her husband, James Moore, were riding in the back seat of an Oldsmobile owned and driven by Ulysses Moore. Riding with Moore in the front seat were James Arthur McMillian and Lillie Mae Hall. They left Asheville about 7:00 a.m. on November 17, 1956, on Highway 25, intending to go to Greenville, South Carolina. Light rain was falling. The surface of the road was wet and slippery. For a distance of about two miles immediately prior to the accident the Moore Oldsmobile followed a Ford driven by the defendant Harry Carroll. The distance between the vehicles — three or four car lengths — and the speed — 35 to 40 miles per hour — remained constant. "As we approached the point of collision I observed the Harry Carroll car traveling in front . . . He stopped suddenly in front of Ulysses Moore's car without giving any signal at all. When I say he gave no signal at all, I was looking at the Harry Carroll car. . . . In reference to any hand signal, I did not observe any, no hand signal. I could see the light fixtures on his car clearly. No, not any tail lights came on . . . When he stopped suddenly in front, . . . Ulysses Moore applied his brakes, his car began to skid to the left over across into the other lane . . . When that occurred, that is when they all crashed. When the crash came the Harry Carroll car was in the west lane right side of Ulysses Moore's car . . . As Harry Carroll approached the driveway that is shown on the chart, he suddenly stopped . . . No, sir, he was not giving any mechanical signal of his intention, none whatever. I did not see Mr. Carroll give a hand signal. I say that when Harry Carroll came to a sudden stop Ulysses Moore applied his brakes."

The Oldsmobile driven by Moore skidded into the left lane and crashed head-on into the Singleton truck. Lillie Mae Hall was killed instantly. James Arthur McMillian died the day following the accident. Neither Moore's Oldsmobile nor Singleton's truck came in actual contact with Carroll's Ford. If Carroll was negligent in failing to give Moore a proper signal of his intention to stop on the highway, and that negligent failure was the proximate cause, or one of the proximate causes of the accident and the injury, in that event Carroll would be liable to guest passengers in Moore's Oldsmobile even though negligence on the part either of Moore or of Singleton, or of both, joined and concurred with his negligence in producing the injury. There may be more than one proximate cause of accident and injury. *Lamm v. Gardner,* 250 N.C. 540, 108 S.E. 2d 875; *Price v. Gray, supra; Bullard*

v. Ross, 205 N.C. 495, 171 S.E. 789. The weather — rain — and the condition of the highway — wet and slippery — would tend to increase the vigilance required of each driver in the use of the highway. "Mere stopping on the highway is not prohibited by law, and the fact of stopping in itself does not constitute negligence. *Leary v. Bus Corp.*, 220 N. C. 745, 18 S.E. 2d 426. It is stopping without giving a signal by hand and arm 'or any approved mechanical or electrical signaling device' approved by the Department of Motor Vehicles *whenever the operation of any other vehicle may be affected by such movement.* G.S. 20-154 (sec. 116, ch. 407, Public Laws 1937)." *Conley v. Pearce-Young-Angel Co.*, 224 N.C. 211, 29 S.E. 2d 740.

There was evidence in the record the accident occurred (1) at the entrance to a driveway into a private dwelling, (2) at or near the entrance to a road to the airport, and (3) at some undisclosed distance north of a blinker light at an intersection. It was for the jury to say whether the blinker light was close enough to relieve Carroll of the duty to give the signal of his intention to stop in the road.

The evidence in the light most favorable to the plaintiff, disregarding the inconsistencies and conflicts, presents issues of fact for jury determination. We have examined the cases cited by appellee in support of his argument that nonsuit was required. They present factual situations which are readily distinguishable from the instant cases. The defendant, of course, will have opportunity at the trial to establish any proper further defenses set up in answers.

The judgments of nonsuit are

Reversed.