HUGH DUNCAN HARVELL, By His Next Friend, DUNCAN A. HARVELL, v. CITY OF WILMINGTON and ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 4 January, 1939.)

1. **Railroad § 7—Held: Evidence showed that railroad was not liable for condition existing at junction of dead end street and railroad property.**

   The evidence disclosed that there was a perpendicular concrete retaining wall between a dead end street and railroad property, which wall was about five feet above the level of the railroad property; that subse-

quently the city improved the street by paving it with Belgium block, and that when the improvements were finished the retaining wall was left about one foot above the level of the street without barricade or warning device. *Held:* The evidence discloses that the city and not the railroad company is responsible for the alleged dangerous condition existing at the junction of the dead end street and the railroad property, and the railroad company's motion to nonsuit was properly granted in an action by a guest in a car to recover for injuries sustained when the driver of the car drove over the retaining wall onto the railroad property.

**2. Municipal Corporations § 14—Evidence held sufficient on issue of city's negligence in manner of maintaining terminus of dead end street.**

The evidence tended to show that there was a perpendicular retaining wall between the end of a dead end street and railroad property, which wall was about five feet above the level of the railroad property and one foot above the level of the street; that sand, leaves, and other debris had washed down grade along the street against the retaining wall so that the concealed wall appeared to be on a level, and that there was no barricade or warning device to protect the traveling public against the hazard of the five-foot drop to the railroad property. *Held:* In a guest's action to recover for injuries sustained when the driver of the car ran over the retaining wall onto the railroad property, the evidence is sufficient to be submitted to the jury on the question of the city's negligence in the manner in which it maintained the terminus of the dead end street.

**3. Same—**

A city is under the same duty to maintain the terminus of a dead end street in a reasonably safe condition as it is to maintain any other portion of its streets.

**4. Automobiles § 21—**

Where the negligence of the driver is not imputable to a guest in the car, the guest is entitled to recover of defendant if its negligence is the proximate cause of the injury or one of the proximate causes thereof, and the negligence of the driver will not exculpate defendant unless such negligence is the sole proximate cause of the injury.

**5. Negligence §§ 6, 7—**

When defendant's negligence is one of the proximate causes of plaintiff's injury, defendant is liable notwithstanding negligence on the part of a third person, since negligence on the part of a third person must be the sole proximate cause of the injury in order to insulate defendant's negligence.

**6. Negligence § 20—Charge held for error in failing to instruct jury in regard to concurrent negligence arising on the evidence.**

This action was instituted against defendant city by a guest in a car to recover for injuries sustained when the driver of the car drove same over a retaining wall at the end of a dead end street onto private property some five feet below. There was evidence of negligence on the part of the driver, and evidence of negligence on the part of defendant city in the manner in which it maintained the terminus of the street. The court instructed the jury to the effect that if the negligence of the driver of the car was the sole proximate cause of the injury, defendant city

would not be liable, and as to plaintiff's contention that the negligence of the city was the sole proximate cause of the injury. *Held:* The charge must be held for error for failure of the court to instruct the jury in regard to the law of concurrent negligence, even in the absence of a special prayer, since it constitutes a part of the law of the case. C. S., 564.

7. **Appeal and Error § 39b—Failure to charge law of concurrent negligence held not cured by verdict that injury was not result of defendant's negligence.**

Failure of the court to instruct the jury on the law in regard to concurrent negligence arising on the evidence is not cured by a verdict that plaintiff was not injured by negligence of defendant, since the jury was forced to decide whether the negligence of defendant or that of the third person was the sole proximate cause of the injury, without opportunity of finding whether defendant's negligence was one of the proximate, concurrent causes.

APPEAL by plaintiff from *Cranmer, J.,* at February Term, 1938, of NEW HANOVER.

This is a civil action to recover damages for personal injuries which the plaintiff alleges were proximately caused by the negligence of the defendants.

Second Street in the city of Wilmington comes to a dead end at the edge of the property of the defendant railroad company. At this point there is a concrete perpendicular retaining wall about five feet above the level of the railroad property and about one foot above the level of Second Street as it now exists.

On the night of 30 January, 1937, the plaintiff was a passenger on a car owned and operated by his father. The driver, thinking that he was on Third Street, which leads out of Wilmington in the direction of plaintiff's home, drove down Second Street and over the embankment on to the railroad property. As a result thereof, plaintiff sustained certain personal injuries. There is evidence that at the time plaintiff's father, the owner and operator of the car, was under the influence of intoxicating liquors.

At the conclusion of the evidence the court entered judgment of nonsuit as to the defendant railroad company and submitted appropriate issues to the jury on the plaintiff's cause of action against the defendant city. The jury having answered the issue of negligence in the negative, judgment was entered that the plaintiff recover nothing. The plaintiff excepted and appealed.

*E. K. Bryan* for plaintiff, appellant.

*Wm. B. Campbell* and *Alan A. Marshall* for defendant City of Wilmington, appellee.

*Thos. W. Davis, V. E. Phelps,* and *J. O. Carr* for Atlantic Coast Line Railroad Company, appellee.

BARNHILL, J.   Second Street in the city of Wilmington extends north and south and Campbell Street extends east and west.  The boundary line of the railroad property runs from southeast ·to northwest and intersects Second Street south of the point where Campbell Street extended would intersect said street, the point where said streets would intersect if extended being on the railroad property.  Thus, Second Street terminates in a dead end at the northeasterly boundary line of the railroad property.

The evidence fails to disclose with any degree of certainty whether the retaining wall at the end of Second Street is on railroad property. It does not disclose with any considerable degree of certainty the party who constructed the wall.  It does show, however, that there is a cold storage plant on the north side of Second Street adjacent to the railroad property and that the wall was built at the same time the cold storage plant was constructed, seemingly as an extension of the foundation wall of the cold storage plant building.  It further discloses that this retaining wall was constructed in 1912 and that at that time Second Street from Red Cross Street north had not been paved; that this section of Second Street sloped downward toward the railroad property; and that rain water had washed away the surface of this portion of Second Street to the extent that at the boundary of the railroad property it was practically on a level.  It further discloses that thereafter the city improved this section of Second Street and paved it with Belgium blocks.  As a part of this improvement the surface was filled in and leveled so that the Belgium block pavement was about one foot below the top of the retaining wall.  It appears, therefore, that if the condition existing at the north end of Second Street created a dangerous situation and evidenced a want of due care, this situation was created by the city and not by the defendant railroad company. The duty to take such measures as were necessary to protect the traveling public against any danger that might exist due to the fact that the wall was only one foot above the surface of the improved street rested upon the city and not upon the defendant railroad company.  We are of the opinion, therefore, that there was no error in the judgment of the court dismissing this action as of nonsuit as against the defendant railroad company.

There is evidence that Second Street as improved from Red Cross Street to the retaining wall is down grade.  It further appears that sand, leaves and other debris had been washed down against the retaining wall and accumulated to such an extent that the existence of the wall was concealed and the street appeared to be on a level.  The plaintiff further offered evidence tending to show that there was no barrier erected at or near the retaining wall to protect the traveling public against the hazard caused by the sudden drop in level between Second

Street and the railroad property, and that the city did not maintain or keep any light or other device at said point to warn the traveling public thereof.

On the night the plaintiff was injured his father, the operator of the car, drove northwardly on Second Street over the retaining wall on to the railroad property, the car going across the first tracks of the railroad and stopping on the second tracks. The defendant offered evidence tending to show that at the time the driver of the car was under the influence of liquor to such an extent that he did not know what he was about; that he was warned that he was off his course and was approaching the end of Second Street, but that he was unable to stop his car due to his drunken condition and the careless and indifferent method of operation of the car.

If the conditions existing at the north terminus of Second Street are as the plaintiff's evidence would indicate the city was negligent in the manner in which it maintained the same. *Willis v. New Bern,* 191 N. C., 507, 132 S. E., 286, is directly in point. What is there said about the duty of a city in maintaining the terminus of a street in a reasonably safe condition might well be repeated here. In that case, *Brogden, J.,* speaking for the Court, in part says: "It is essential to the public safety that the terminus of a street shall be kept in as reasonably safe condition as any other portion thereof, for the manifest reason that it would be obviously futile to charge municipal authorities with the duty of keeping a street in a reasonably safe condition and yet permit it to terminate abruptly in an unsafe and dangerous manner. It would be a ruthless doctrine to allow a public highway to be improved for its entire length and thereby invite a traveler thereon, and, after being lulled into a sense of safety, to be suddenly put to death by an unguarded embankment, precipice, or other dangerous defect, when such defect was known or could have been discovered by the exercise of reasonable diligence, and when, of course, the traveler was using due care for his own safety." We adopt with approval the further statements of this distinguished former Associate Justice of this Court pertaining to the duty of a city in respect to the terminus of a street without further quotation therefrom. In support thereof, we refer to the cases he cites. See also *Michaux v. Rocky Mount,* 193 N. C., 550, 137 S. E., 663, and *Pickett v. R. R.,* 200 N. C., 750, 158 S. E., 398.

The court below, in its charge, fully instructed the jury upon the law and the evidence in respect to the plaintiff's contention that the negligence of the city was the sole proximate cause of his injury. It likewise fully instructed the jury upon the contention of the defendant that the drunken condition of the operator of the car and his failure to exercise due care and caution was the sole proximate cause of plaintiff's

injury, constituting an efficient intervening act of negligence which insulated the negligence on the part of the defendant and exculpated it from any liability for plaintiff's injuries.

The plaintiff, in apt time, excepted to the charge for that it does not comply with the mandatory provision of C. S., 564, in that the court failed to declare and explain in a plain and correct manner the law arising upon the evidence, in that the court did not declare and explain the law under the doctrine of concurrent negligence and apply such law to the facts in this case.

We are of the opinion that this exception must be sustained. There is evidence of negligence on the part of the defendant city and there is likewise evidence of negligence on the part of the driver, whose negligence is not attributable to the plaintiff. *Albritton v. Hill,* 190 N. C., 429, 130 S. E., 5. The question of proximate cause was for the jury.

Where, in this type of cases, there is evidence of negligence on the part of the defendant and likewise evidence of negligence of a third party, which negligence is not attributable to the plaintiff, the defendant is liable if its negligent act constituted one of two proximate causes of the injury. If the defendant's negligence contributed to plaintiff's injury as one of the proximate causes thereof the defendant is liable notwithstanding the negligence of the third party. *Albritton v. Hill, supra.* If the negligence of the owner and driver of the car was the sole and only proximate cause of plaintiff's injury the defendant would not be liable; for, in that event, the defendant's negligence would not have been one of the proximate causes of the plaintiff's injury. *Bagwell v. R. R.,* 167 N. C., 615, 83 S. E., 814; *Evans v. Construction Co.,* 194 N. C., 31, 138 S. E., 411. If, however, the negligence of the city concurring with the negligence of the third party constituted the proximate cause of plaintiff's injury it would be liable, because the defendant cannot be excused from liability unless the total causal negligence or proximate cause be attributable to another or others. When two efficient proximate causes contribute to an injury, if defendant's negligent act brought about one of such causes, it is liable. *Evans v. Construction Co., supra; Wood v. Public Service Corporation,* 174 N. C., 697, and cases there cited; *Albritton v. Hill, supra; Hanes v. Utilities Co.,* 191 N. C., 13, 131 S. E., 402.

The law of concurrent negligence, as thus stated, is applicable to the conflicting evidence in this case. The plaintiff has a right to rely thereon, and it was the duty of the court to apply this doctrine of the law to the evidence and to declare and explain the law of concurrent negligence as it applied to the evidence without any special prayer. It is part of the law of the case.

The fact that the jury found by its verdict that the plaintiff was not injured by the negligence of the defendant city does not render the

failure of the court to charge on the doctrine of concurrent negligence immaterial or harmless. The jury was given the choice of finding either that the negligence of the city, if they found such existed, was the sole proximate cause of plaintiff's injury, or that the negligence of the driver, if such was established, was the sole proximate cause. The jury was not given an opportunity to consider the evidence under the law which permitted it to find that the negligence, if any, of the city was only one of the proximate causes of plaintiff's injury and that such negligence, concurring with that of the driver, constituted the efficient proximate cause of plaintiff's injury. The evidence in this case is such as entitles the plaintiff to have this view of the law stated and explained and applied to the evidence by the judge in the trial of his cause.

Affirmed as to defendant Railroad Company.

New trial as to defendant City of Wilmington.