EMORY SMITH, ADMINISTRATOR OF ROBERT DIXON, v. O. H. BONNEY.

(Filed 1 March, 1939.)

1. **Negligence § 20—When case is tried on theory that defendant's negligence was sole proximate cause of injury, failure to charge on question of concurrent negligence is not error.**

    Plaintiff's intestate was killed while riding as a guest in a car. Plaintiff instituted this action against the driver of the car which collided

with the car in which intestate was riding, alleging that the car in which intestate was riding was being driven in a careful and prudent manner, and that the collision was caused by the negligent operation of defendant's car. *Held:* The theory of trial was that the negligence of defendant was the sole proximate cause of the accident, and plaintiff's exception to the charge for its failure to submit the question of concurrent negligence cannot be sustained.

**2. Appeal and Error § 8—**

An appeal will be determined in accordance with the theory of trial in the lower court.

APPEAL by plaintiff from *Thompson, J.,* at September Term, 1938, of CURRITUCK. No error.

*McMullan & McMullan for plaintiff, appellant.*

*A. H. Scales, Chester Morris, and F. E. Kellam for defendant, appellee.*

PER CURIAM. This is an action to recover damages for the wrongful death of the plaintiff's intestate, alleged to have been caused by the negligence of the defendant. The intestate was a passenger in an automobile operated by one Charlie Smith, which collided with an automobile operated by the defendant, which collision resulted in the death of said intestate. The trial was had upon the issues of negligence of the defendant and of damage, which were answered in favor of the defendant, and from judgment predicated upon the verdict the plaintiff appealed, assigning errors.

The exceptive assignments of error present the question as to whether the court failed to comply with C. S., 564, by failure to charge the jury that if the negligence of the defendant was one of the proximate causes of the death of the intestate they would answer the issue of negligence in favor of the plaintiff, the court having charged the jury that if the negligence of the defendant was the proximate cause of such death they would so answer the issue.

The case was tried below upon the theory that the negligence of the defendant was the proximate cause of the death of the intestate, the allegation of the complaint being that the automobile of Charlie Smith, in which the intestate was a passenger, was being operated in a careful and lawful manner, and that the collision was caused by the negligent operation of the defendant's automobile. Hence, the issue of the concurrent negligence of Charlie Smith and of the defendant was not raised, but only the issue of the negligence of the defendant. This issue was duly presented by the charge. To sustain the assignments of error would be to allow the appellant to try the case in the Superior Court

upon one theory and to have the Supreme Court to hear it on a different theory. "The theory upon which a cause is tried must prevail in considering the appeal, and in interpreting a record and in determining the validity of exceptions." *Potts v. Ins. Co.,* 206 N. C., 257, and cases there cited.

No error.