MRS. ARMIDA R. GENTILE v. MRS. ROSE RAY WILSON.

(Filed 12 October, 1955.)

**1. Automobiles §§ 8e, 18i—**

The charge of the court in this case as to the duty of the defendant, in backing her car, not only to look before attempting the movement, but to keep a reasonably careful lookout in the direction of travel, *held* without prejudicial error.

**2. Automobiles § 18i: Negligence § 20—**

The charge of the court in this case as to foreseeability as an essential element of proximate cause *is held* without error.

**3. Same—**

Where there is no evidence of concurring negligence, an instruction that the burden was on plaintiff to satisfy the jury from the evidence and by its greater weight that the negligence on the part of defendant was "the" proximate cause of the injury instead of "a" proximate cause of the injury, is not prejudicial.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.

BARNHILL, C. J., and BOBBITT, J., concur in result.

APPEAL by plaintiff from *Patton, J.,* April Term, 1955, of MECKLENBURG.

This was an action to recover damages for a personal injury suffered by the plaintiff as result of having been struck by an automobile which was alleged to have been negligently driven by the defendant.

The incident out of which this action arose occurred on South Tryon Street in the city of Charlotte, August 28, 1951, about 8:20 a.m. On this occasion the plaintiff had been driven by her husband north on South Tryon Street to a point on the east side of the street between 3rd and 4th Streets, opposite the Johnston Building where plaintiff was employed. The Johnston Building is on the west side of South Tryon Street. This street is divided into six traffic lanes. Plaintiff stepped out of her husband's automobile onto the street, 2 or 3 feet from the curb, opposite Thacker's Restaurant, on the east side of the street, and her husband immediately drove off. Near the place where plaintiff got out of the automobile there was a hydrant and an open space marked off around the hydrant. There were several automobiles parked in line along the curb on the east side of the street north of the open space about the hydrant, and the automobile of the defendant was parked immediately north and nearest the space into which plaintiff stepped from the automobile. Plaintiff testified that when she got out of the

automobile she stepped back two or three steps, and, facing the street, stood there a moment as she looked to the right and to the left to watch for passing traffic. "I might have been intending to go across the street . . . That building (Johnston Building) is approximately opposite . . . That's where I was ultimately going." At this instant the defendant backed her automobile slowly and struck the plaintiff's knee causing her to fall. She was not run over. She did not see the defendant's automobile moving. There was evidence that plaintiff suffered a serious injury as result of being struck and caused to fall.

Defendant's evidence tended to show that she had parked her automobile at the curb on the east side of the street opposite Thacker's Restaurant, and gone shopping; that she returned to her automobile accompanied by her daughter and two other ladies; that there was an automobile parked immediately in front; that she walked around the rear of her automobile and got in on the left or west side; that she saw no one in the space immediately behind her automobile; that before starting she looked through the rear-view mirror and saw no one; that her daughter and another lady on the back seat at her request looked through the back window and reported they saw no one in the rear. Defendant testified she moved back slowly and had gone about 4 feet when she felt a bump, stopped, got out and found the plaintiff had been struck and had fallen.

The court submitted to the jury three issues: (1) Was the plaintiff injured by the negligence of the defendant as alleged, (2) Did the plaintiff by her own negligence contribute to her injury, (3) What amount is plaintiff entitled to recover?

The jury answered the 1st issue "No." The court entered judgment that plaintiff recover nothing.

Plaintiff excepted and appealed assigning errors.

*Helms & Mullis, James B. McMillan, and Wm. H. Bobbitt, Jr., for plaintiff, appellant.*

*Kennedy, Kennedy & Hickman and Frank H. Kennedy for defendant, appellee.*

DEVIN, J. The plaintiff assigns error in the rulings of the trial judge in the admission of testimony over plaintiff's objection, but we perceive no substantial harm which could have resulted from these rulings or that the jury was improperly influenced thereby.

Plaintiff noted numerous exceptions to the court's charge to the jury. It is contended that the court failed to state correctly and sufficiently the duty incumbent upon the defendant in attempting to move her automobile backward under the circumstances of this case. But when

the charge is examined contextually no prejudicial error appears.  On this point we note the court charged: "When Mrs. Wilson undertook to back her automobile, the requirements of prudent operation were not necessarily satisfied by her looking prior to or at the beginning of the movement back.  It was her duty not merely to look, but to keep a reasonably careful outlook in the direction in which her vehicle was travelling and she, under the law, was held to the duty of seeing what she ought to have seen, and it was her duty to keep an outlook behind to see whether the movement of a pedestrian, movement of another vehicle, was likely to be affected by her movement backward."  Thus the court seems to have stated the duty of the defendant to "keep looking" with reasonable clearness.  See also *Stovall v. Ragland,* 211 N.C. 536, 190 S.E. 899; *Cooley v. Baker,* 231 N.C. 533, 58 S.E. 2d 115.

The defendant assigns error in the following portion of the charge: "(D) Now, under the law in this State, as the court understands it, injuries resulting from events taking place without one's foresight or expectation or an event which proceeds from an unknown cause or is an unusual effect of a known cause and, therefore, in the exercise of ordinary care, not expected, must be borne by the unfortunate sufferer, that is, a person who might be injured.  The law only requires reasonable foresight, and when the injury complained of is not reasonably foreseeable in the exercise of due care, the person whose conduct is under investigation is not under the law answerable therefor.  Under the law, persons are held liable for the consequences or occurrences which they can and should foresee and by reasonable care and prudence guard against.  Foreseeable injury is a requisite of proximate cause and proximate cause is a requisite for actionable negligence and actionable negligence is a requisite for a recovery for an action for personal injury especially for an act negligently inflicted.  (D)"

This portion of the charge seems to have been quoted by the learned judge from decisions of this Court collected and approved by *Denny, J.,* in *Hiatt v. Ritter,* 223 N.C. 262, 25 S.E. 2d 756.

The plaintiff also assigns as error that the court charged the jury that in order to constitute actionable negligence the plaintiff must show failure on the part of the defendant to exercise due care in the performance of some legal duty owed the plaintiff under the circumstances, and that such negligent breach of duty was the proximate cause of the injury complained of.  It is contended that the phrase "the proximate cause" used by the court was likely understood by the jury to mean the sole or only proximate cause of the injury, whereas there may be more than one proximate cause, and that thus an additional and undue burden was placed on the plaintiff to negative contributory negligence. It is urged that the court should have said "a" proximate cause, or "one of the" proximate causes.

However we think what this Court said in *Harris v. Montgomery Ward & Co.*, 230 N.C. 485, 53 S.E. 2d 536, renders this exception unavailing on this record. We quote: "It is sufficient on the issue of primary negligence for a plaintiff to satisfy the jury from the evidence and by its greater weight that the negligence on the part of the defendant was a proximate cause or one of the proximate causes of his injury, where the evidence also tends to show that the negligence of some other person or agency concurred with the negligence of the defendant in producing plaintiff's injury (citing cases). But when there is no evidence of such concurring negligence as in this case, then the negligence of the defendant must be the proximate cause of the injury, otherwise the plaintiff is not entitled to recover (citing cases)." *Mintz v. Murphy*, 235 N.C. 304 (312), 69 S.E. 2d 849.

After an examination of the entire charge of the court we are unable to discover prejudicial error in any of the rulings of the court of which the plaintiff can justly complain.

No error.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.

BARNHILL, C. J., and BOBBITT, J., concur in result.

The foregoing opinion was prepared by DEVIN, Emergency Justice, while he was serving in place of WINBORNE, J., who was absent on account of his physical condition. It is now adopted by the Court and ordered filed.