JOHN D. PUGH v. HERMAN LEO SMITH

(Filed 27 November, 1957)

**Automobiles § 46: Negligence § 20—**

An instruction to the effect that the jury must find that defendant's negligence was "the" instead of "a" proximate cause of the accident in order to answer the issue of negligence in the affirmative is prejudicial.

APPEAL by plaintiff from *Crissman, J.,* May, 1957 Term, FOR-SYTH Superior Court.

Civil action for personal injury to the plaintiff, a pedestrian, alleged to have been caused by the defendant's negligent operation of his automobile at a street crossing in a business district of Winston-Salem. The defendant denied negligence on his part and pleaded contributory negligence on the part of the plaintiff.

Each party introduced evidence tending to support his contentions. The defendant's motions for nonsuit were overruled. Issues of negligence and contributory negligence were submitted. The jury answered the issue of negligence in favor of the defendant. From the judgment dismissing the action, the plaintiff appealed.

*Fred M. Parrish, Jr., McKeithen, Graves & Robinson, By: Norwood Robinson for plaintiff appellant.*

*Ratcliff, Vaughn, Hudson, Ferrell & Carter, By: Ralph M. Stockton, Jr., for defendant appellee.*

HIGGINS, J. Throughout the charge the court instructed the jury that in order to prevail on the first issue (defendant's negligence) the plaintiff must establish by the greater weight of the evidence that the defendant was negligent and that his negligence was *the* proximate cause of the plaintiff's injury. The charge places too great a burden upon the plaintiff. A similar error is treated at length in the case of *Price v. Gray,* 246 N.C. 162, 97 S.E. 2d 844.

When the pleadings and the evidence involve the negligence of a person other than the defendant, it is only necessary for the plaintiff to show the defendant's negligence was *one* of the proximate causes of the injury. In this case the negligence of both parties is involved. If either can prove by the greater weight of the evidence that the other's negligence was *one* of the proximate causes of the injury, he is entitled to have the appropriate issue answered in his favor. Each party is entitled to an equal chance before the jury. Each should carry an equal burden. On the authority of *Price v. Gray, supra,* and the cases there cited this case is remanded to the Superior Court of Forsyth County for a

New trial.