ANNA W. TURNER v. JOSEPH R. TURNER, SR.

No. 7021DC380

(Filed 26 August 1970)

1. Rules of Civil Procedure § 50— motion for directed verdict — mandatory rule

A motion for a directed verdict shall state the specific grounds therefor; this rule is mandatory. G.S. 1A-1, Rule 50 (a).

2. Rules of Civil Procedure § 50; Appeal and Error § 59 — motion for directed verdict — review

Since the Rules of Civil Procedure are only so recently effective in this State, the Court of Appeals reviews the question whether there was sufficient evidence to require submission of the issues to the jury, even though appellant failed to state specific grounds for his motion for a directed verdict.

3. Divorce and Alimony § 18— alimony — child support — indignities to the wife — instructions

In the wife's action against her husband to obtain child custody and support, temporary and permanent alimony, and counsel fees, trial court's instructions on the issue as to whether the husband had offered such indignities to the wife as to render her condition intolerable and her life burdensome, *held* reversible error, since the jury was left to determine for itself, without adequate explanation from the court, what law arose on the evidence and how that law should be applied to the evidence.

4. Rules of Civil Procedure § 51— instruction — application of law to the evidence

The trial court is required to declare and explain the law arising on the evidence given in the case and to state the evidence to the extent necessary to explain the application of the law thereto. G.S. 1A-1, Rule 51 (a).

APPEAL by defendant from *Clifford, District Judge,* 19 January 1970 Session of FORSYTH District Court.

Plaintiff wife brought this civil action against her husband to obtain an order awarding to her custody of their three minor children, temporary and permanent alimony and child support, possession of their homeplace, use of one automobile, and counsel fees. The case was submitted to the jury which returned a verdict finding plaintiff to be the dependent spouse and defendant to be the supporting spouse as alleged in the complaint, and finding that defendant had offered such indignities to the person of plaintiff as to render her condition intolerable and her life burdensome. Upon the verdict and upon findings of fact by the court as to the earnings of the respective parties and as to the best interests of the children, judgment was entered awarding custody of the minor children to the plaintiff, awarding her possession of the homeplace, and ordering defendant to make monthly payments for child support and alimony and to pay a fee to plaintiff's counsel. From this judgment defendant appealed to the Court of Appeals, assigning errors.

*Pettyjohn & Dunn, by H. Glenn Pettyjohn for plaintiff appellee.*

*White, Crumpler & Pfefferkorn, by Fred G. Crumpler, Jr., and Joe P. McCallum, Jr., for defendant appellant.*

PARKER, J.

[1, 2]   Appellant assigns as error the refusal of the trial court to allow his motion for a directed verdict made at the close of all the evidence. The record before us reveals that the appellant did not state the specific grounds for his motion. "A motion for a directed verdict shall state the specific grounds therefor." G.S. 1A-1, Rule 50(a). This provision of the rule is mandatory. *Wheeler v. Denton*, 9 N.C. App. 167, 175 S.E. 2d 769. The appellant, having failed to state specific grounds for his motion, is not entitled upon this appeal to question the sufficiency of the evidence to support the verdict. Nevertheless, because the Rules of Civil Procedure are only so recently effective in this State, we have reviewed the record and are of opinion there was sufficient evidence to require submission to the jury of the issues which it answered in plaintiff's favor.

[3]   Appellant assigns as error portions of the court's charge to the jury. A number of appellant's exceptions to the charge have merit. As an example, on the issue as to whether defendant had offered such indignities to the person of plaintiff as to ren-

---

Turner v. Turner

---

der her condition intolerable and her life burdensome, the court charged:

> "To entitle the wife to the relief the indignities offered by the husband must be such as may be expected seriously to annoy a woman of ordinary sense and temperament, and must be repeated or continued so that it may appear to have been done wilfully and intentionally or at least consciously by the husband to the annoyance of the wife.

> "Mrs. Turner has testified to certain indignities, and two of her children have also. It is up to you to decide the credibility of that testimony and whether or not she has sustained that burden."

[3, 4] A reading of the charge as a whole leads to the conclusion that the court failed to "declare and explain the law arising on the evidence given in the case" and failed to state the evidence "to the extent necessary to explain the application of the law thereto." This the court was required to do by G.S. 1A-1, Rule 51(a) (formerly G.S. 1-180).

> "The chief purpose of a charge is to aid the jury to understand clearly the case and arrive at a correct verdict. For this reason, the Court has consistently held that G.S. 1-180 confers a substantial legal right, and imposes upon the trial judge a positive duty, and his failure to charge the law on the substantial features of the case arising on the evidence is prejudicial error, and this is true even without prayer for special instructions." *Bulluck v. Long,* 256 N.C. 577, 587, 124 S.E. 2d 716, 723.

In the case before us the jury was left to determine for itself, without adequate explanation from the court, what law arose on the evidence in the case and how that law should be applied to the evidence.

For the court's failure properly to instruct the jury as required by G.S. 1A-1, Rule 51(a), defendant is entitled to a

New trial.

MALLARD, C.J., and HEDRICK, J., concur.