GELDER & ASSOCIATES, INC. v. THE CONTINENTAL INSURANCE COMPANY AND UNDERWRITERS ADJUSTING COMPANY

No. 7210SC218

(Filed 23 August 1972)

**Contracts § 28— declaration and explanation of law to jury— request for special instructions unnecessary**

> Whether time was of the essence of the contract between the parties was a substantial feature of the case in an action for damages for breach of contract and the trial judge was required, without a request, to declare and explain the law with respect thereto; hence, the judge's failure to instruct as to time being of the essence on one of the issues and his confusing instruction as to time being of the essence on another issue constituted prejudicial error.

APPEAL by defendant Continental Insurance Company from *Brewer, Judge,* 1 October 1971 Civil Session of Superior Court held in WAKE County.

Action to recover damages alleged to have been sustained by plaintiff as a result of breach of contract. Plaintiff alleged that it was a subcontractor under R. G. Foster & Company (Foster) engaged to perform miscellaneous concrete work under the plans and specifications of the North Carolina Highway Commission (Commission) on its N. C. State Highway Project No. 8.118-2702 (Project). Foster had been the successful bidder for the Project and had subcontracted to plaintiff on "a day to day" or "week to week" basis for the installation of some concrete ditches, curbing and other miscellaneous concrete work on N. C. Highway No. 11 North of Kinston which was a part of the Project. Plaintiff was to be paid for the work it actually performed at the same rate Foster had bid. The defendant, The Continental Insurance Company (Continental), had sold and issued its performance bond regarding the performance of Foster on the Project. During the year 1969, Foster encountered financial difficulties, and it became necessary for Continental to undertake the completion of the Project in accordance with its bond. Continental, through its agent, Underwriters Adjusting Company, then contracted with plaintiff for the construction of the concrete ditches and curbing, and it was alleged that Continental breached its contract with plaintiff and that on account thereof, plaintiff was entitled to recover of Continental the sum of $11,915.25.

Continental denied that it had breached a contract with plaintiff and also filed a counterclaim against the plaintiff for a breach of contract, alleging that it was entitled to recover of the plaintiff on account thereof the sum of $36,496.53.

At the close of plaintiff's evidence, the defendants' motion for a directed verdict as to Underwriters. Adjusting Company was allowed, without exception, and it is not a party to this appeal.

The jury answered the issues in favor of the plaintiff, and Continental appealed, assigning error.

*Edgar R. Bain for plaintiff appellee.*

*Teague, Johnson, Patterson, Dilthey & Clay by Robert M. Clay and Robert W. Sumner for defendant appellant.*

MALLARD, Chief Judge.

The first question presented in defendant's brief is whether the trial judge erred in failing to instruct as to the first issue that "time was of the essence" of the contract and in instructing the jury on the third issue as to "time being of the essence."

There was evidence introduced by the plaintiff, as well as the defendant, which tended to show that "time was of the essence" of the contract between the parties. Plaintiff's evidence tended to show that Foster, prior to its financial difficulties, had entered into an agreement with plaintiff for the performance, at the bid price, of some of the miscellaneous concrete work on the Project. Foster was furnishing the materials. Prior to September 1970, plaintiff had performed some of this work and was paid on "a week to week" basis. In August 1970, plaintiff decided "to leave the job" due to the fact that it was losing money. Plaintiff's evidence also tended to show that it was only an "hour to hour" employee of Foster. On 5 September 1970 plaintiff and Continental, pursuant to a telephone conversation between their agents, agreed that plaintiff would go back to work on the Project on the same payment basis it had with Foster, except that upon the completion of the Project, plaintiff was to be paid an additional sum of $7,500. It was also agreed as set out in a letter from Continental's agent to plaintiff that " (i)t was understood that if you

do not finish this concrete work as quickly as possible, or if for some reason within your control you do not complete the total work, then it is understood that you will not be paid any additional funds but will only be paid for those concrete items of work which you have performed." Also, plaintiff's witness Clarence Gelder also testified on cross-examination that "(i)n my conversation with Mr. Wilson during September of 1970, it was apparent that he had a problem on his hands. He was in charge of completing this project, and they were under a penalty of $200 a day. Every day that lapsed was costing the Continental Insurance Company and Underwriters Adjusting Company a lot of money. The fact that he had no one doing the concrete work was of great concern to him and he did emphasize this point to me, that he needed to get the job moving. When we reached our agreement around September 5, 1970, I was aware that time was important in the contract. It was very important that the job be finished as soon as possible."

Defendant Continental's evidence tended to show that plaintiff agreed to move its men back onto the job, expedite the job and finish it as quickly as possible, but that no definite date for finishing the work could be set because the State could add to the work under the terms of the Foster contract. Continental's witness testified that plaintiff and defendant "agreed that time was of the essence in the job." Continental's evidence also tended to show that plaintiff's crew did not work on the job on some days that they could have worked, that the failure to expedite the concrete work delayed the progress of the work on the Project and that because of this failure, it was necessary to terminate the contract with plaintiff and secure somebody else to finish the concrete work.

In apt time, Continental submitted to the trial judge a request for special instruction to the jury regarding the legal effect of delay in the performance of a contract wherein time is of the essence. On the first issue, whether or not Continental breached the contract with plaintiff, no instructions were given with respect to the legal effect of evidence that time was of the essence of the contract or with respect to how the jury was to consider such evidence on the first issue. On the third issue the jury was instructed in general terms, without objection, as to the law about time being of the essence of a contract, and then in the final mandate the court said:

"So members of the jury I instruct you that if from the evidence in this case and by its greater weight, that you should find that time was of the essence of the contract entered into between Gelder and Associates and Continental Insurance Company, and that Gelder and Associates did not perform its obligations under the contract within the time or at the speed contemplated by the parties, as set out in the contract, then Gelder and Associates would have breached its contract with Continental Insurance Company and it would be your duty to answer that issue 'no'."

The vice in this instruction is that the jury was instructed that if they found that time was of the essence and if they found that plaintiff had not performed within the time or at the speed contemplated by the parties, then the plaintiff would have breached its contract and that they, the jury, should therefore answer the issue "no." This issue submitted was: "Did the plaintiff Gelder and Associates breach the contract between plaintiff Gelder and Associates, Inc., and defendant Continental Insurance Company?" The jury was thus instructed that if the plaintiff *had* breached its contract because of time being of the essence, it should answer the issue "No" and find that it *had not*. We think this, in addition to the fact that no mention was made in the instructions relating to the first issue about how the jury was to consider the evidence as to time being of the essence of the contract, tended to confuse the jurors, and was prejudicial error, entitling Continental to a new trial.

G.S. 1A-1, Rule 51(a) requires the judge to declare and explain the law arising on the evidence in the case. Whether time was of the essence of the contract between the parties was a substantial feature of this case and the trial judge was required, without a request, to declare and explain the law with respect thereto. *Turner v. Turner,* 9 N.C. App. 336, 176 S.E. 2d 24 (1970).

Defendant has other assignments of error to the charge of the court to the jury in this case and to the admission and exclusion of evidence, some of which have merit, but inasmuch as a new trial is being awarded and such alleged errors may not recur on a new trial, we do not deem it necessary to discuss them.

New trial.

Judges MORRIS and PARKER concur.