CLIFTON E. WARREN v. MARK HODGES PARKS AND FRANKLIN
BAKING COMPANY, INC.

No. 763SC503

(Filed 15 December 1976)

**1. Rules of Civil Procedure § 51— duty to apply law to evidence**

G.S. 1A-1, Rule 51, imposes upon the judge a duty to explain the
law and to apply it to the evidence on all substantial features of
the case, even without a request for special instructions.

**2. Automobiles § 90; Negligence § 10— action against one tort-feasor —
failure to instruct on concurring negligence**

In a police officer's action to recover for injuries received when
the individual defendant drove a tractor-trailer through the scene of
an accident plaintiff was investigating and struck a low hanging cable
which caused a pole and transformer to fall on plaintiff, the trial
court erred in failing to instruct on joint and concurring negligence,
although plaintiff, having sued only one tort-feasor, did not try the
case on that theory, where defendants claimed contribution on the
ground of concurring negligence by a second police officer who was
directing traffic at the accident scene and offered evidence of negli-
gence by the second officer in support of their claim.

**3. Automobiles § 90; Negligence § 10— concurring negligence — insuffi-
ciency of instruction**

An instruction that the negligence of defendant must be "a"
proximate cause of plaintiff's injury in order for plaintiff to recover
is insufficient to inform the jury on the law of concurring negligence
and multiple proximate causes.

**4. Automobiles § 90; Negligence § 10— duty to instruct on concurring
negligence**

Where there is evidence that the negligence of more than one
person may have proximately caused the plaintiff's injuries, the
judge has a duty to instruct the jury that there may be multiple
proximate causes and that a finding of negligence on the part of one
person does not necessarily exculpate the others.

**5. Automobiles §§ 8, 90— instructions — failure to obey traffic officer —
duty to keep lookout**

In an action to recover for injuries received when defendant
drove a tractor-trailer through the scene of an accident and struck
a low hanging cable in the inside eastbound lane which caused a
pole and transformer to fall on plaintiff, the trial court should have
instructed the jury that defendant was negligent if a police officer
directed defendant to move his vehicle forward in the inside west-
bound lane where the cable was not hanging low enough to be struck
and defendant wilfully failed and refused to do so; furthermore, the
jury should also have been instructed that, notwithstanding the direc-
tions of the police officer, defendant had the duty to keep a reason-
able lookout and that he was negligent if he should have seen the

low hanging cable above the inside eastbound lane but failed to do so and moved his vehicle forward in this lane and struck the cable. G.S. 20-114.1.

APPEAL by plaintiff from *Browning, Judge*. Judgment entered 30 January 1976 in Superior Court, PITT County. Heard in the Court of Appeals 21 October 1976.

Plaintiff, a police officer employed by the City of Greenville, sued to recover damages for personal injuries incurred while he was investigating an automobile accident about 1:00 a.m. on 27 April 1974. He alleged that defendant Parks negligently drove a tractor-trailer owned by defendant Franklin Baking Company through the scene of an accident and struck a low hanging cable which caused a pole and transformer to fall on plaintiff.

The unconverted evidence of both parties tended to show that the following had occurred. The first accident occurred shortly after midnight on 27 April 1974. An automobile crashed into a utility pole on the south side of U. S. Highway 264, west of the City of Greenville. At this location, the highway has four lanes running in an east-west direction. There is no median. The automobile severed the utility pole into two sections. A transformer was mounted on what became the upper section. A cable ran from the transformer across the highway to another pole about 40 feet tall on the north side of the highway. The base of the upper section of the pole was resting in the highway near the south curb. The upper section, with the attached transformer, was being supported by cables running from the transformer. The cables were about six feet above the highway surface at the south curb, about 12-14 feet above the inside eastbound lane and increased in height across the westbound lane to the top of the pole on the north side of the highway.

Rescue, police and news personnel arrived at the scene shortly after the automobile accident. Plaintiff was among the investigating police officers. Vehicles were parked in the two outside lanes, leaving the two inner lanes open for traffic. Officer Jones of the Greenville Police Department was directing traffic through the scene of the accident. Defendant Parks was driving eastward into Greenville when he came upon the scene. He stopped his truck about 150 feet west of the scene and waited about ten minutes. With his flashlight, Officer Jones

signaled defendant to proceed eastward. As defendant Parks drove the truck through the scene in the inside eastbound lane, the right front corner of the trailer struck the cable running across the highway, and the impact caused the pole and transformer to fall on a group of people, one of whom was plaintiff.

Plaintiff alleged that defendant Parks negligently failed and refused to follow the directions of Officer Jones, and negligently failed to see the power cable extending across the highway and alleged "that the negligence of the individual defendant, was the sole proximate cause" of the collision.

Defendants alleged several negligent acts and omissions by Officer Jones. They also alleged that plaintiff had received a workmen's compensation award from his employer because of the negligence of Officer Jones, a fellow employee of the City of Greenville. In their amended answer they additionally alleged that the negligence of Officer Jones, imputed to plaintiff's employer, "was also a proximate cause of the accident and *joined and concurred* with the negligence, if any, of defendants in producing any damages allegedly sustained by plaintiff." (Emphasis added.) They stated that under G.S. 97-10.2(e) they were entitled to have a jury determine "whether or not the negligence of plaintiff's employer, the City of Greenville/ Greenville Police Department, *joined and concurred* with the negligence, if any, of defendants in producing any damages allegedly sustained by plaintiff." (Emphasis added.)

Plaintiff and defendants presented conflicting evidence on the lighting at the scene of the accident, on the visibility of the cable, on whether the signaling motions used by Officer Jones directed defendant Parks to proceed in the inside eastbound lane or to cross over into the inside westbound lane where the cable was not hanging as low, and on whether there was traffic proceeding westward in the inside westbound lane when defendant Parks was signaled to proceed eastward.

The judge submitted three issues to the jury: (1) Was the plaintiff injured as a result of the negligence of the defendants? (2) What amount, if any, was the plaintiff entitled to recover from the defendants? (3) Was the plaintiff injured as a result of the negligence of his employer? The third issue, determinative of defendants' right to contribution from plain-

tiff's employer, was to be considered only if the first two were answered in favor of the plaintiff.

The jury deliberated for eight minutes and answered the first issue in favor of the defendants. From judgment for defendants, plaintiff appeals.

*James, Hite, Cavendish & Blount by Robert D. Rouse III for plaintiff appellant.*

*Teague, Johnson, Patterson, Dilthey & Clay by Robert M. Clay and Robert W. Sumner for defendant appellees.*

CLARK, Judge.

Plaintiff assigns as error (1) the failure of the trial court to charge on the law of joint and concurring negligence and (2) the inadequacy of the following charge on proximate cause:

> "Proximate cause is a real cause, a cause without which the claimed injury would not have occurred, the one which a reasonable, careful, and prudent person could foresee would probably produce the injury or similar injurious result."

Plaintiff did not request an instruction on joint and concurring negligence or a more thorough charge on proximate cause, but contends that the trial court was required to give them even in the absence of a request.

**[1]** G.S. 1A-1, Rule 51 imposes upon the judge a duty to explain the law and to apply it to the evidence on all substantial features of the case, even without a request for special instructions. *Investment Properties v. Norburn*, 281 N.C. 191, 188 S.E. 2d 342 (1972). The chief purpose of a charge is to aid the jury in clearly understanding the case and in arriving at a correct verdict. *Turner v. Turner*, 9 N.C. App. 336, 176 S.E. 2d 24 (1970). If this is not done, there can be no assurance that the verdict represents a finding by the jury under the law and upon the evidence presented. *Lewis v. Watson*, 229 N.C. 20, 47 S.E. 2d 484 (1948).

**[2]** We think that the recital of defendants' allegations and the conflicting evidence presented by the parties make it clear that a substantial feature of the present case was joint and concurring negligence or multiple proximate causes. We think that in the absence of an instruction that the negligence of both

the defendant Parks and Officer Jones could have concurred in producing and in proximately causing plaintiff's injuries, the jury may well have been confused and felt it had to choose between the negligence of Parks and Jones in determining the proximate cause of plaintiff's injuries.

Defendants contend that plaintiff was not entitled to a charge on joint and concurring negligence. We disagree. On at least two occasions our Supreme Court has held that it was error for the judge not to instruct on joint and concurring negligence even though plaintiff, having sued only one tortfeasor, did not try the case on that theory. In *Harvell v. Wilmington,* 214 N.C. 608, 200 S.E. 367 (1939), the plaintiff alleged that he had been injured by the negligence of the defendant City in the construction and marking of a street when a car in which he was a passenger drove through a retaining wall. Plaintiff did not sue the driver. Defendant alleged that the driver had been negligent and that this negligence intervened and was the sole proximate cause of plaintiff's injuries. The negligence of the driver was not attributable to the plaintiff, but the trial court did not charge that if the driver were negligent, plaintiff could recover from defendant under the doctrine of joint and concurring negligence. The Supreme Court held that it was error not to give such an instruction, even though plaintiff had not tried his case on the theory of ·concurring negligence, since defendant had raised the issue of concurring negligence when it asserted the negligence of plaintiff's driver.

In *Tillman v. Bellamy,* 242 N.C. 201, 87 S.E. 2d 253 (1955), the plaintiff alleged that he had been injured when the automobile in which he was a passenger was struck by an automobile driven by defendant. Plaintiff did not sue the driver of the car in which he had been riding, but defendant alleged that the negligence of plaintiff's driver was the sole proximate cause of plaintiff's injuries. The Supreme Court held that it was error not to charge the jury that it could find that the negligence of both drivers had been concurring proximate causes of plaintiff's injuries.

Defendants rely on *Smith v. Bonney,* 215 N.C. 183, 1 S.E. 2d 371 (1939), for the proposition that a plaintiff cannot on appeal demand an instruction on a theory different from that on which he tried the case. We agree with the soundness of this principle in the context of that case, but think it has no applica-

tion to the present case. In that case plaintiff's intestate was fatally injured as a result of a collision between defendant's automobile and an automobile in which plaintiff's intestate was a passenger. Plaintiff alleged that intestate's driver was not negligent. She further alleged that defendant's negligence was the proximate cause of the death. The jury returned a verdict for defendant, and plaintiff assigned error to the court's failure to charge that defendant's negligence need be only one of the proximate causes of intestate's death. In a *per curiam* opinion, the court noted that the issue of concurring negligence of the two drivers had not been raised at trial, and stated that in that context,

> "To sustain the assignments of error would be to allow the appellant to try the case in the Superior Court upon one theory and to have the Supreme Court to [sic] hear it on a different theory." 215 N.C. at 184-185, 1 S.E. 2d at 371.

In neither *Bonney* nor the present case did the *plaintiff* try the case on a theory of joint and concurring negligence. (The present plaintiff was prevented from joining the City of Greenville, his employer, by virtue of G.S. 97-9.) However, *Bonney* is clearly distinguishable from the present case and from *Harvell* and *Tillman* because in *Bonney* there were no allegations nor any evidence of negligence of more than one party. The issue of concurring negligence was never raised and, therefore, there was no possibility that the jury could be confused or reach an incorrect verdict by the failure to instruct on the doctrine of concurring negligence. In the present case, defendants claimed contribution and offered evidence of the negligence of Officer Jones in support of their claim. The issue of joint and concurring negligence became a substantial feature of the case, and the need for such an instruction to aid the jury in reaching a proper verdict arose.

*Harvell* and *Tillman* refute the proposition that plaintiff can assign error to the failure to instruct only on those substantial issues raised by the plaintiff. Since a major purpose of the charge is to aid the jury in understanding the case, we think that those cases properly hold that this aid is necessary whenever joint and concurring negligence becomes a substantial issue in a case, whether raised by plaintiff or defendant.

Defendants also contend that the charge on proximate cause in the present case, when read as a whole, states that the

negligence of defendants need to be "a" proximate cause of plaintiff's injuries. The only time the phrase "the sole proximate cause" was used in the charge was in recapitulating plaintiff's contention. We agree with defendant that when the charge is read as a whole, the single use of the phrase "the sole" cannot have affected the jury's understanding of the doctrine of proximate cause. *Price v. Gray,* 246 N.C. 162, 97 S.E. 2d 844 (1957).

[3, 4]  We cannot agree with the implication in defendants' contention that the use of the article "a" was sufficient to inform the jury on the law of concurring negligence and multiple proximate causes. The error in the charge lies not in what was stated, but in what was omitted. Where there is evidence that the negligence of more than one person may have proximately caused the plaintiff's injuries, we think the judge has a duty to explain to the jury that there may be multiple proximate causes and that a finding of negligence on the part of one person does not necessarily exculpate the others. *Pugh v. Smith,* 247 N.C. 264, 100 S.E. 2d 503 (1957); *Price v. Gray, supra; Gentile v. Wilson,* 242 N.C. 704, 89 S.E. 2d 403 (1955).

Had there been a proper, thorough instruction on proximate cause, we would have been more reluctant to have found error in the omission of a charge on joint and concurring negligence. See, *Gregory v. Lynch,* 271 N.C. 198, 155 S.E. 2d 488 (1967); *Whiteman v. Transportation Co.,* 231 N.C. 701, 58 S.E. 2d 752 (1950); 57 Am. Jur. 2d, Negligence § 138 (1971).

The failure of the trial judge to charge on the substantial features of the case arising from the evidence is prejudicial error. *Clay v. Garner,* 16 N.C. App. 510, 192 S.E. 2d 672 (1972). The instructions given in this case could have misled the jury and prevented it from reaching a proper verdict.

[5]  Plaintiff also assigns error in the court's instructions to the jury relative to the duty of the defendant Parks to follow the directions of Policeman G. I. Jones, who was directing traffic at the scene of the accident. Since the need to give the same instruction may arise at the new trial, we will also address this assignment. The court instructed the jury as follows:

> "I further instruct you that the defendant Parks was under a positive legal duty to proceed forward and through the scene of the accident if Patrolman G. I. Jones, a mem-

ber of the Greenville Police Department, ordered him and directed him to proceed forward and through the scene of the accident. This duty also includes a positive legal duty to follow the directions of the officer and to proceed in such a manner as directed by the officer. This positive legal duty on the part of the defendant Parks to proceed forward and through the scene of the accident existed because of the provisions of the North Carolina General Statute 20-114.1 (a) which in pertinent part provides as follows:

'No person shall wilfully fail or refuse to comply with any law, order or direction of any law enforcement officer invested by law with authority to direct, control or regulate traffic, which order of [sic] direction related to the control of traffic.'

As a general rule, compliance with the directions of a traffic officer does not constitute negligence. While the directions of a traffic officer do not completely relieve the motorist of all obligations, the motorist cannot be charged with negligence in obeying such directions if in doing so the motorist exercised due care and caution. However, the failure of a motorist to follow and comply with the directions of the officer is negligence."

Policeman Jones testified that using his flashlight he directed defendant Parks to drive his tractor-trailer forward into the inside westbound lane, but Parks instead moved forward in the inside eastbound lane; that he continued to use the flashlight to signal Parks to the inside westbound lane, but Parks continued forward in the eastbound lane. On the other hand, Parks testified that Policeman Jones directed him to drive in the inside eastbound lane. Evidence for the plaintiff tended to show that the cables over the highway supporting the severed pole with the attached transformer were plainly visible and obviously were too low for the tractor-trailer to drive under them. Evidence for defendant tended to show that the lighting conditions at the scene were poor and that cables were not visible to anyone operating a motor vehicle on the highway. The defendants' tractor-trailer in moving forward in the inside eastbound lane, struck the overhanging cables which pulled the supported pole or transformer, or both, down on plaintiff who was then in the outside eastbound lane.

G.S. 20-114.1(a) makes it unlawful for a motorist wilfully to fail or refuse to comply with any direction of a traffic officer related to control of traffic. In this case all of the evidence tended to show that Policeman Jones was directing traffic at the scene of the accident, and that defendant Parks moved his tractor-trailer forward in the inside eastbound lane. If Policeman Jones directed the defendant Parks to move his vehicle forward in the inside westbound lane, the defendant would be negligent if he wilfully failed and refused to do so. Of course it would still be necessary to determine whether such negligence was the proximate cause of the plaintiff's injuries. The trial court should have so instructed the jury.

Whether the defendant Parks should have seen the overhanging cables in the exercise of his duty to keep a reasonable lookout was a question for the jury. He could not rely on the directions of the traffic officer to eliminate the exercise of due care on his part; notwithstanding the directions he had the duty of keeping a reasonable lookout. 8 Am. Jur. 2d, Automobile, § 746 (1963); Annot., 2 A.L.R. 3d 12 (1965). The jury should have been instructed that notwithstanding the directions of Policeman Jones the defendant Parks had the duty to keep a reasonable lookout and that if he ought to have seen the cables in their position about 12-14 feet above the inside eastbound traffic lane but failed to do so and moved his vehicle forward in this lane and struck the supporting cables, then it would be their duty to find the defendant negligent.

For error in the instructions of the court and failure to apply the law to the evidence, we order a

New trial.

Judges MORRIS and ARNOLD concur.